(No. 41763.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DONALD CORNELL, Appellant.

*Opinion filed November 26, 1969.*

MARY M. SHAW, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE, and MORTON E. FRIEDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Donald Cornell, was arrested on April 14, 1967, and was subsequently indicted for burglary by the grand jury of Cook County. At his arraignment on May 17, 1967, he pleaded not guilty. On May 19, 1967, he changed his plea to guilty and was sentenced to imprisonment in the penitentiary for a term of not less than one nor more than four years. Thereafter he filed a post-conviction petition which alleged that his plea was coerced by the assistant public defender who represented him. After evidence was heard, the post-conviction petition was dismissed, and the defendant has appealed.

The defendant's claim of coercion is based upon his testimony that the assistant public defender who represented him transmitted to him successive suggestions that if he pleaded guilty "they" wanted to give him eight to twelve years, then three to five years, then two years and a day, all of which the defendant refused. He also testified that he was offered five years probation, with the first year to be served in the county jail, which he also refused.

The assistant public defender who represented the defendant at that time testified that he ascertained the circumstances of the defendant's arrest and that the defendant acknowledged his guilt. He considered and discarded the possibility of a motion to suppress and then discussed the prosecution's case with the assistant State's Attorney. Of all

the proposed sentences to which the defendant testified, he recalled only discussing with the defendant the possibility of a plea of guilty followed by probation for five years with the first year to be served in the county jail, but testified that this possibility was discarded when it was learned that the defendant was on probation when the present offense was committed. He testified that "My duty to him was then to find out what that judge would give him if he entered a plea of guilty." There was then apparently a conference with the judge at which a sentence of not less than one nor more than four years in the penitentiary was discussed and concurred in by the judge. This was the sentence imposed.

We have carefully examined the record and we find that the defendant's claim of coercion is totally without merit. He was not inexperienced, having entered pleas of guilty on four previous ocasions. He received the sentence which had been discussed with him, he had acknowledged his guilt to the assistant public defender and the record shows that he acknowledged his guilt in open court when his plea was accepted.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*