(No. 42270.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* BOBBY HERMAN WORLEY, Appellant.

*Opinion filed March 24, 1970.*

E. M. SULLIVAN, of Amboy, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ALBERT N. KENNEDY, State's Attorney, of Dixon, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

A jury in the circuit court of Lee County found defendant Bobby Herman Worley guilty of burglary and he was sentenced to the penitentiary for a term of 5 to 10 years. This court reversed that conviction and remanded the cause for a new trial. (*People* v. *Worley,* 37 Ill.2d 439.) Defendant then entered a plea of guilty and he was sentenced for a term of 4 to 8 years imprisonment. He thereafter filed a petition for a post-conviction hearing, an attorney was appointed to represent him, an amended petition was filed and the amended petition was dismissed on motion of the People. Appeal from the order dismissing the amended petition is directed to this court pursuant to Rule 651.

It is first argued that defendant was denied his right to

a speedy trial in violation of section 9 of article II of our constitution and section 103—5 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1967, ch. 38, par. 103—5.) The amended petition recites that defendant has been incarcerated since March 30, 1967, that the opinion reversing the initial conviction was filed on June 22, 1967, that defendant was not presented for a new trial until November 1, 1967, and that therefore more than 120 days had elapsed from the time the trial court acquired jurisdiction.

This argument must be rejected for two reasons. First, the constitutional right to a speedy trial is waived when the question of undue delay is not presented to the trial court. (*People* v. *Armes,* 37 Ill.2d 457; *People* v. *Taylor,* 32 Ill.2d 165; *People* v. *Morris,* 3 Ill.2d 437.) Second, 120 days did not elapse between the time the trial court obtained jurisdiction for the new trial and the time defendant was presented to the court for the new trial. The trial court did not acquire jurisdiction for the new trial on June 22, 1967, the date the opinion of this court was filed. It acquired jurisdiction on July 17, 1967, the date the mandate of this court was filed in the trial court. *People* v. *Adams,* 36 Ill.2d 492.

It is finally argued that the State's Attorney coerced defendant's guilty plea. Attached to his original petition is a letter from C. M. Glosser, his former attorney, which reads in part: "I am in receipt of your letter which I understand that you are asking that I stop acting as your attorney. * * * However, I would report the following to you. Mr. Dixon, the State's Attorney, has said that he would be willing to compromise your case, and if you plead guilty recommend a four to eight year sentence, with said sentence running concurrent with the one you are now serving. This would have no affect on your total time in Statesville. This is the best so far that I have been able to get out of Mr. Dixon in return for a guilty plea." In an affidavit attached to his amended petition he alleges "* * * your affiant was informed by his court appointed counsel, Edwin Mer-

rick, that said Henry S. Dixon would arrange for a sentence of not less than four (4) years and not more than eight (8) years if your affiant would plead guilty to said charge, and that if your affiant did not plead guilty, the said Henry S. Dixon would arrange for a sentence of not less than fourteen (14) years nor more than fifteen (15) years."

The judgment imposing the 4-to-8-year sentence provides that defendant be "* * * given credit for the period of time which he has already served in confinement in this cause, and that the sentence herein is concurrent with the sentence received by the defendant in the County of Ogle and presently being served by him at the Illinois State Penitentiary."

The gist of defendant's argument is that the representation from the State's Attorney that he would recommend a longer sentence if the defendant stood trial and was convicted than he would recommend if the defendant pleaded guilty was coercive to the point that it violated due process. In *People* v. *Darrah,* 33 Ill.2d 175, and *People* v. *Bowman,* 40 Ill.2d 116, we discussed various considerations which might touch on the issue of whether a "negotiated" plea was a voluntary plea. For purposes of this case, it is sufficient to state that the allegations of the amended petition and defendant's affidavit, even if true, do not establish that the guilty plea was not voluntary. *People* v. *Cornell,* 43 Ill.2d 305; *People* v. *Stephenson,* 42 Ill.2d 185; *People* v. *Brown,* 41 Ill.2d 503.

The judgment of the circuit court of Lee County is affirmed.

*Judgment affirmed.*