(No. 42906.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. DAVID OLBROT, Appellee.

*Opinion filed September 30, 1971.*

EDWARD V. HANRAHAN, State's Attorney of
Chicago, (ELMER C. KISSANE and MATTHEW J.
MORAN, Assistant State's Attorneys, of counsel,) for the
People.

EDWIN J. BELZ, and KOHL, both of Chicago, for
appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the
opinion of the court:

Following a jury trial in the circuit court of Cook
County, defendant David Olbrot was convicted of
aggravated battery and attempted murder and sentenced to
serve concurrent terms of 3 to 5 years and 15 to 20 years
respectively. These judgments were reversed by the
appellate court for the First Judicial District (118
Ill.App.2d 142) which held defendant was denied a speedy
trial in violation of the 120-day rule. (Ill.Rev.Stat. 1965,
ch. 38, par. 103—5.) We allowed the State's petition for
leave to appeal.

Defendant was arrested on January 6, 1967, and on February 2, five indictments were returned charging him with armed robbery (67—375, 67—376 and 67—379), aggravated battery (67—361) and attempted murder (67—378). Defendant was not admitted to bail and no delay was attributable to him from his arrest until May 22 when his motion for continuance resulted in a continuance to May 24. Subsequently, defendant initiated a number of motions relating to a change of defense counsel and substitution of judges which were allowed. It is clear that defendant also agreed to several continuances beginning June 14.

On November 10, defendant filed a petition alleging that he was continuously confined, as to the indictments for aggravated battery and attempted murder, for more than 120 days and was therefore entitled to discharge on these indictments. This petition was denied on November 13, and, following several more continuances, the indictments charging aggravated battery and attempted murder were consolidated for trial beginning on February 2, 1968.

In reversing defendant's convictions for these offenses, the appellate court found that from his arrest on January 6 to May 22 when the first continuance was granted at defendant's request, the State failed to provide defendant with a speedy trial as required by section 103—5(a)(d) of the Code of Criminal Procedure. (Ill.Rev.Stat. 1965, ch. 38, par. 103—5(a)(d).) This statute provides in pertinent part as follows: "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal. *** (d) Every person not tried in accordance with subsection (a) *** of this Section shall be discharged from

custody or released from the obligation of his bail or recognizance."

· The State does not dispute defendant's factual contentions, but argues that the trial court properly denied defendant's motion to dismiss, because during the 120-day period he was involved in a trial on another indictment. On the 108th day after his arrest, April 14, defendant went to trial on indictment 67—379 for armed robbery and a mistrial was declared on May 2. On May 8, the 123rd day, defendant was tried on indictment 67—375 for armed robbery. A guilty verdict was returned on May 12 and defendant was sentenced on May 24, the 139th day after his arrest. It is the State's position that the applicable statute granted an additional 120 days from the date of sentencing within which to try defendant on all other indictments pending in Cook County. (Ill.Rev.Stat. 1965, ch. 38, par. 103—5(e).) Subsection (e) provides in pertinent part: "While any person is incarcerated in this State on sentence for any offense, if there is pending against him in the same county in which he was convicted one or more additional charges of another offense he shall be tried on such charge or charges within 120 days from the date of his incarceration or such untried causes shall be barred ***." Relying on *People v. Gilbert, 24 Ill.2d 201,* the State contends that the original mistrial tolled the running of the 120-day period for a reasonable period of time, and that, since the second trial commenced six days later, there was no unreasonable delay. Consequently, the State argues, when defendant was incarcerated on the sentence resulting from his conviction in the second trial, section 103—5(e) provided an additional 120 days to try defendant on all other pending indictments. Thereafter, it is urged, continuances by agreement and upon motion of defendant until trial on February 5 violated no rights.

In *Bilgert,* the defendant was arrested on May 7, 1959, an indictment charging him with burglary was returned on

May 19, and the case went to trial on June 9. That jury failed to agree and a mistrial was declared on June 10. Defendant was retried on October 9, 156 days after his arrest and 121 days after the original mistrial, and convicted. No unreasonable delay was found in *Gilbert,* and the conviction was affirmed.

This issue of delay is treated in the appellate court opinion as a contention by the State that the defendant failed to show any prejudice that would justify his release, and no reference is made in that decision to either the *Gilbert* case or to section 103—5(e). The appellate court simply concluded that prejudice to the defendant is inherent in the record which discloses a delay of more than 120 days upon the indictments in question.

Defendant points out that *Gilbert* and the other cases cited by the State for the proposition that a mistrial tolls the 120-day period *(People v. Henry, 68 Ill.App.2d 48; People v. Mason, 118 Ill.App.2d 47)* all involve a single indictment while in the instant case multiple indictments are involved. Defendant reasons that, "In the case at bar, the mistrial, as a result of a hung jury, was not in Indictments 67—361 and 67—378, but rather in other indictments. Indictments 67—361 and 67—378 are the only matters before the Court. There was no mistrial in 67—361 and 67—378. Therefore, the Fourth Term Act was not tolled." We do not agree.

It is clear that if the first trial (67—379) had resulted in a guilty verdict rather than a mistrial, section 103—5(e) would have provided an additional 120 days from the date of defendant's incarceration for that offense in which to try the four other pending indictments. It seems equally clear, in light of *Gilbert,* that if, following the mistrial on 67—379, defendant had been retried and convicted without unreasonable delay on that charge rather than a separate indictment, an additional 120 days would have been available under the applicable statute in

which to try all other pending indictments. The fact that in *Gilbert* defendant was retried on the same charge involved in the mistrial, while here defendant was tried on a different charge in the second trial, is, in our judgment, a distinction without a difference.

We stated in *Gilbert* (p. 204) that "Our decision in this case does not mean that in every instance of a mistrial, the full statutory period begins to run anew, regardless of the length of time that has already elapsed. The overriding consideration is the constitutional right to a speedy trial, ***." In the case at bar defendant was brought to trial on the first indictment and a mistrial resulted within the 120-day period. Six days after the mistrial defendant was tried on a second indictment and a guilty verdict was returned on the 127th day. Subsequent delay was attributable to defendant until his trial on the indictments in question. Under these circumstances we find no violation of defendant's right to a speedy trial.

The judgment of the appellate court is accordingly reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*