(No. 41648.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT AUGHINBAUGH, Appellant.

*Opinion filed January 26, 1973.*

WARD, J., took no part.

JAMES J. DOHERTY, Public Defender, of Chicago (ROBERT M. GRAY and JAMES N. GRAMENOS, Assistant Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MARK T. ZUBOR, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Following a jury trial in Cook County, defendant, Robert Aughinbaugh, was found guilty of the 1961 robbery of Burton's Men's Shop in Chicago. That conviction was reversed on appeal and remanded for a new trial. (*People v. Aughinbaugh (1967), 36 Ill.2d 320.*) The retrial, again before a jury, resulted in a conviction for armed robbery, and defendant was sentenced to a term of from 10 to 20 years imprisonment, to be served consecutively to a 25-to-35-year term imposed following his conviction for a tavern robbery (affirmed, *People v. Aughinbaugh (1970), 131 Ill. App. 2d 581*). This appeal is from the conviction for armed robbery resulting from the retrial. Of the numerous arguments which defendant asserts, we need consider only his contention that he was denied his right to a speedy trial, for the troublesome problem here arises from the delay preceding the retrial.

After reinstatement of the cause in the trial court, defendant consented to a continuance until May 24, 1967; thereafter he sought no further delay in the proceedings. On September 17, 1967, the State moved for a 60-day extension, which was granted. On November 20, 1967, trial was begun; two days later a mistrial was declared when one of the jurors informed the court in the presence of the other jurors that she was a social acquaintance of Officer Parker, a witness for the State. The cause was held on call until December 4, 1967; after that date, the case was continued either on motion of the State or by order of the court until April 2, 1968. On four different occasions in the period described, defendant petitioned for discharge under section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 103—5); all such petitions were denied. The jury was selected on April 2 and 3, 1968, and opening arguments were heard on April 8.

In seeking to establish that he has been denied the right to a speedy trial, defendant argues that the trial court erroneously denied the several petitions for discharge which he filed pursuant to section 103—5 of the Code of Criminal Procedure:

> "Sec. 103—5. Speedy Trial. (a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal.
>
> * * *
>
> (c) If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days.
>
> (d) Every person not tried in accordance with

subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

Under defendant's statement of the facts, the State sought and obtained a 60-day extension of time under section 103—5(c) on September 18, 1967, which was the 117th day. Since he was not brought to trial until November 20, 1967, defendant contends that more than 60 days had elapsed from allowance of the extension, computing that period from September 18 rather than from September 21, the 120th day. Upon examination of the common-law record, we find the facts to be otherwise, however. The pleadings disclose that while the State's petition for extension of time was filed on September 18, the hearing on it was not concluded until September 22, at which time the petition was granted. Since the 60-day extension was not, in fact, allowed until the latter date, defendant's argument that the extension should have run from the 117th day is ill-founded.

Defendant next argues that his petition for discharge filed April 2, 1968, was improperly denied, claiming that more than 132 days had passed between the declaration of a mistrial and jury selection in the subsequent trial. After indicating its disposition to allow defendant's motion for a mistrial on November 22, the trial court inquired of the parties whether they would be prepared to select a new jury immediately. The State answered ready and the following statement was made by counsel for the defendant:

"The Court: Counsel, are you ready?

Mr. Bloom: I would cite to the Court, alert the Court to the case of 'The People vs. Faulisi,' 215 N.E.2d 276, wherein if a mistrial is granted, your Honor, I would object to any jury being picked from this venire before the Court now in the Criminal Courts Building, which would mean this case would not, in my opinion, that it would not start until not next Monday but a week from Monday. We're answering ready. But under the 'Faulisi' case we have a right to object to the venire. ***"

A discussion of the application of *Faulisi* (*People v. Faulisi (1966), 34 Ill.2d 187*) to these circumstances ensued, after which a mistrial was declared. The jury was discharged from service, and a new trial setting was then discussed by the parties and the court. Counsel for the defendant reiterated his position that, while he was prepared for immediate trial, he would object to the selection of a jury from the venire then in service. Since a new venire would not be available for several days, the cause was held on call until December 4, 1967, by order of the court. On that date and repeatedly thereafter, the case was continued either upon motion of the State or by order of the court until April 2, 1968. A jury was chosen on April 2 and 3; pretrial matters in this case, miscellaneous matters in other unrelated cases, and the trial of at least one other individual were heard by the court between April 3 and 8, when opening statements were made in the case at hand. It does not appear of record, nor does the State advance in its brief, any reason for the delay in bringing defendant to retrial following the November mistrial.

In *People v. Gilbert (1962), 24 Ill.2d 201, 204,* we spoke to the effect of a mistrial upon the statutory provisions regarding speedy trial: "Our decision in this case does not mean that in every instance of a mistrial, the full statutory period begins to run anew, regardless of the length of time that has already elapsed. The overriding consideration is the constitutional right to a speedy trial, and where delay is not attributable to the defendant, that right is not measured by aggregating successive periods of four months each." (Also see *People v. Olbrot (1971), 49 Ill.2d 216, 220, cert. denied (1972), 406 U.S. 924, 32 L. Ed. 2d 124, 92 S. Ct. 1792.*) We must therefore examine the record in its totality to determine whether this defendant was afforded his right to a speedy trial. While we are not persuaded that defendant's objection to the November venire was not a delay attributable to him,

neither are we convinced that the delay following availability of a new venire was justifiable. In this case, the defendant was incarcerated for the maximum statutory term of 180 days, without dilatory action on his part, prior to his November retrial; in addition to the period between venires, another 120 days elapsed before the State was prepared to begin jury selection. Viewing the circumstances of this case in their entirety, we find this unexplained delay clearly unreasonable.

Accordingly, the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.