(No. 48513.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. LESLIE JACK BAZZELL, Appellee.

*Opinion filed October 5, 1977.*

178

GOLDENHERSH, J., took no part.
DOOLEY, J., dissenting.

William J. Scott, Attorney General, of Springfield, and
Robert H. Rice and Clyde L. Kuehn, State's Attorneys, of

Bellevile (John F. Podliska, Assistant Attorney General, of Chicago, and Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

No appearance for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The circuit court of St. Clair County allowed the defendant's motion for discharge which alleged a violation of his constitutional right to a speedy trial. Defendant's case was scheduled for retrial 131 days after the jury had failed to reach a verdict in his first trial and the court had declared a mistrial. The appellate court affirmed the dismissal (40 Ill. App. 3d 208), and we granted the State's petition for leave to appeal.

On September 6, 1973, the defendant was indicted on 15 counts of theft in excess of $150 and one count of official misconduct. He was arraigned on September 10, entered a plea of not guilty, and was released on bond. He was represented by retained counsel. On February 8, 1974, he filed a demand for an immediate jury trial and a motion for discovery. On June 28, 1974, the People filed a 236-page answer to the discovery motion. Defendant's trial commenced on July 15, 1974, and when the jury was unable to agree on a verdict a mistrial was declared on July 24.

The case was ultimately scheduled for retrial on December 2, 1974, at which time defendant moved that he be discharged. At a hearing on the motion the administrative assistant to the chief judge testified that because of scheduling problems no jury trials are held in St. Clair County in August and that the case had been set for trial during the weeks of September 9 and September 16, but was not reached at those times. The case was again scheduled for trial the weeks of October 21 and October

28. However, defendant was also under indictment for two counts of arson unrelated to the offenses involved in this case, and defendant's arson trial was also scheduled for the week of October 28. This trial resulted in a verdict of guilty on both counts on November 1, 1974. During the arson trial the defendant was found to be in direct contempt of court, and after the jury retired to consider its verdict the court conducted a hearing on the contempt charge and sentenced defendant to serve 30 days in the county jail. Following the guilty verdict, at some unspecified time in November, evidence was heard in aggravation and mitigation of the arson sentence. As of the date of the hearing on the motion to discharge in this case the defendant was still waiting to be sentenced in the arson case.

Section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)) provides:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***."

Section 103—5(e) provides:

> "If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried *** upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subparagraphs (a) and (b) of this Section. Such person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered *** or, if such trial upon such first charge is terminated without judgment and there is no subsequent trial of *** such first charge within a reasonable time, the person shall be tried upon all of the remaining charges thus pending within 160 days from the

date on which such trial is terminated; ***.''

We are concerned here with the defendant's constitutional right to a speedy trial and not with the violation of the statutory time limitations prescribed by section 103–5. "While this statute implements the constitutional right to a speedy trial, it is not co-extensive with the right. [Citation.] Whether an accused has been denied a speedy trial within the constitution is a judicial question. [Citation.] However, the legislative expression through the enactment of the statute can certainly be considered by us in determining whether the right to a swift trial has been denied." *People v. Love,* 39 Ill. 2d 436, 443.

Although the record does not contain sufficient information concerning the arson charges to indicate the applicability of section 103–5(e), we do note in that section an expression of legislative intent that following a mistrial a defendant should be retried within a *reasonable* time. This court has previously applied the reasonable time test to such situations. (*People v. Olbrot,* 49 Ill. 2d 216, 219.) The declaration of a mistrial does not, in all cases, start again the running of another statutory period. The constitutional right to a speedy trial cannot be defined in terms of a precise period of time. (*People v. Henry,* 47 Ill. 2d 312, 316.) The record in its totality must be examined to ascertain whether the defendant has enjoyed the right guaranteed by the constitution. *People v. Aughinbaugh,* 53 Ill. 2d 442, 446.

As noted above, the defendant demanded an immediate trial on February 8, 1974. His trial commenced on July 15, 157 days after the demand. The statute requires that a person be tried within 160 days following such a demand. (Ill. Rev. Stat. 1973, ch. 38, par. 103–5(b).) The defendant's retrial was scheduled for December 2, 131 days after the declaration of a mistrial on July 24.

Since the record is not sufficient to indicate the applicability of section 103–5(e), we will consider this

case as one involving a single indictment upon which there has been a demand for trial. The arson charges are relevant only as they relate to the reasonableness of the delay in the retrial of the defendant which, as we have noted above, is determined from the totality of the record.

Although the delay between the original demand for trial and the date set for retrial was substantial (288 days, excluding the time consumed by the original trial), in examining the record we note the presence of circumstances which account for a considerable amount of this time. Prior to trial defendant had filed a motion for discovery on February 8, 1974. In response to the motion, the State, on June 28, filed a lengthy answer of 236 pages consisting of copies of checks, reports of investigation, copies of statements, and numerous documents, all pertaining to the 15 counts of theft which allegedly had been accomplished by falsifying employment records and forging payroll documents. The original delay considered by itself is not inordinate.

After the mistrial on July 24 there were likewise some unusual circumstances partially, at least, explaining the delay in the retrial of the defendant. Although the defendant was not retried in August because no jury had been called for that month, the record contains no explanation for the failure to retry him in September. The trial of the defendant for the two charges of arson in October and the sentence imposed upon him for contempt, as well as the hearing in aggravation and mitigation of the arson sentence, are situations which explain the further delay during the month of November.

This court has held that in deciding whether there has been a breach of the constitutional right of speedy trial four factors should be considered: the length of the delay; the reasons for the delay; the prejudice to the defendant; and whether the defendant may be considered as having waived the right. (*People v. Henry,* 47 Ill. 2d 312, 316;

*People v. Tetter,* 42 Ill. 2d 569, 573.) The record does not show a waiver of the right by the defendant. We have commented on the substantial length of the delay in the retrial, especially when it is considered in connection with the delay between the date of the demand and the original trial. We have also noted the out-of-the-ordinary reasons for a considerable part of the delay. In examining the total record, after considering the factors noted, we perceive no prejudice which has been occasioned to the defendant by this delay.

The appellate court, in affirming the trial court's discharge, found *People v. Aughinbaugh,* 53 Ill. 2d 442, to be controlling. However, in *Aughinbaugh* this court, after examining "the record in its totality" found "this unexplained delay" of the maximum statutory term prior to defendant's retrial violated his speedy trial right. (53 Ill. 2d 442, 446-47.) We do not find the decision in *Aughinbaugh* controlling in this case. The delay here is not *unexplained.* We have noted above the circumstances which explain a substantial portion of the delay. Following the mistrial the defendant was again scheduled for trial 131 days later, well within the 160-day statutory period. During the 131-day delay, the defendant had been brought to trial and tried on the arson charges and a hearing was held in aggravation and mitigation of his sentence. Also he had been held in contempt of court and sentenced to 30 days in jail. In view of the presence of these circumstances which explain a substantial portion of the delay, in the absence of any indication in the record of prejudice to the defendant, we find that the trial court and the appellate court erred in holding that the defendant had been denied his constitutional right to a speedy trial.

The judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of St. Clair County for further proceedings.

*Reversed and remanded.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.

MR. JUSTICE DOOLEY, dissenting:

We have avoided the true issue here. Is the 120-day (in custody) or 160-day (on bail or recognizance) rule merely suspended during the time of a trial resulting in a mistrial? The majority employs the statute (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) pertaining to "when *** a person is simultaneously in custody upon more than one charge" as relevant to this issue. I do not read it so.

The chronology of this case tells much:

(1) On February 8, 1974, defendant filed a demand for an immediate jury trial and a motion for discovery, which was not answered until 4½ months later, namely, June 28, 1974.

(2) On July 15, 1974, 157 days after the demand for trial, the trial commenced. A mistrial was declared on July 24, 1974, because of the jury's inability to agree on a verdict.

(3) On December 3, 1974, 131 days after the mistrial, a hearing was had on the defendant's motion to dismiss on the basis that an unreasonable period had elapsed since the date of the mistrial. There the administrative assistant to the chief judge testified that the court was "more or less shut down" during the month of August. The case was set for two dates in September, but was not tried. As the majority notes, the September delay is also unexplained.

The admittedly unexplained delay by the People, 61 days at the minimum and 131 days at the maximum, after the order of retrial, and beyond the 160 days, was clearly unreasonable. It does not represent a suspension of the time of the trial resulting in a mistrial, but a period substantially in excess of the 160 days permitted by law.

The ultimate responsibility for the condition of the courts rests with the People, rather than the defendant. (*Barker v. Wingo* (1972), 407 U.S. 514, 531, 33 L. Ed. 2d

101, 117, 92 S. Ct. 2182, 2192.) This court long ago held that sickness of judges does not constitute an exception the court may read into this law. "To an application under this statute it is not sufficient for the prosecution to say that it was inconvenient or impossible for the judges of the circuit to hold the term of court at the time fixed by the statute. *** If the provisions of the law do not insure the transaction of the business of the courts a remedy may be afforded by the legislature. We are without power to read into the statute in question an exception which does not appear there." (*Newlin v. People* (1906), 221 Ill. 166, 173-74.) So also the fact that the State's Attorney was ill does not justify delay of the trial. *People v. Hatchett* (1967), 82 Ill. App. 2d 40, 50.

Here the State plainly neglected its duty to fulfill the statute, and, more importantly, violated the constitutional right of the defendant to a speedy trial.

The majority, in an effort to justify the 228 days between the trial demand and the final trial date, referred to certain proceedings against defendant on other charges in the latter part of October. But by October, defendant's right to a retrial on the original charges had already been violated.

Where the defendant himself causes the delay, the statute provides that such "shall temporarily suspend for the time of the delay the period within which a person shall be tried *** and on the day of expiration of the delay the said period shall continue at the point at which it was suspended." (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(f), Pub. Act 79—842, effective October 1, 1975.) Where the jury causes the delay through an inability to agree on the verdict, and thus causes a mistrial, it would seem that the obvious legislative intent is to merely suspend the period just as if the defendant had brought about the delay. It might facilitate the administration of justice if the statute were amended to specifically provide

that the time of the delay caused by a trial ending in a mistrial shall merely suspend the time within which a person shall be tried.

The right to a speedy trial is constitutional in character. If the 160-day rule has any meaning, it must be implemented. In my opinion the appellate court, which sustained the circuit court's order allowing defendant's motion for discharge, was correct.