THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL NOLAN, Defendant-Appellant.

First District (3rd Division)    No. 79-1227

Opinion filed December 23, 1981.

Michael Buckley Bolan, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Defendant, Michael Nolan, was found guilty of murder in a bench trial and was sentenced to a term of 40 to 75 years. On appeal he contends that he was not proved guilty of murder beyond a reasonable doubt and that he was denied his right to a speedy trial. We affirm.

The victim was killed between 12 and 12:15 p.m. on November 21, 1974, in Chicago, Illinois. Immediately prior to the occurrence, she was seen engaged in a conversation with a male companion near a fence. She was then seen being thrown over the fence by the male companion. The male companion then jumped over the fence, and 10 or 15 minutes later he was observed jumping back over the fence and walking away from the scene.

Defendant and the victim, who shared a boyfriend/girlfriend relationship, were seen together within 15 minutes to one-half hour of the murder. Two witnesses saw the victim thrown over the fence. They described her assailant as having the same basic height, age and hair color as defendant. They also described the assailant as wearing clothes very similar to those worn by defendant. There was also direct evidence placing defendant within one-half block of the scene of the murder at about the time the murder occurred. Defendant's neighbors specifically identified defendant as walking down the street at the time.

Shortly after the time of the murder, defendant arrived at his friend's house wearing clothes similar to that of the male seen with the victim at the scene of the murder. While at his friend's house, defendant attempted to persuade his friend to tell the police one of two different stories to explain a cut on his finger. Then defendant proceeded to the victim's house, where he offered a third explanation for the cut to the victim's sister.

Basically, defendant contends that the murderer dressed like defendant and looked like defendant but was not defendant. Defendant suggests that it is not surprising that the victim would begin a new relationship with someone with a physical appearance similar to that of a boyfriend she previously found attractive. We cannot accept these hypotheses as establishing a reasonable doubt of defendant's guilt. Defendant also emphasizes the lack of a connection between defendant and the physical

evidence in the case, and the absence of identifiable blood on defendant's clothing. However, we do not believe that either of these circumstances is sufficient to raise a reasonable doubt as to defendant's guilt. Rather, we conclude that the evidence is sufficient to establish the defendant's guilt beyond a reasonable doubt.

■■ We next address defendant's contention that he was denied his statutory and constitutional rights to a speedy trial. The statute relating to speedy trials provides that every person in custody in this State for an alleged offense shall be tried within 120 days from the date he was taken into custody unless delay is occasioned by the defendant or by an interlocutory appeal. If a defendant is on bail or recognizance, he is to be tried within 160 days from the date he demands trial unless delay is occasioned by the defendant or by an interlocutory appeal.[1] Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a), (b).

In the present case, defendant was arrested on November 21, 1974, and remained in custody until April 23, 1975, when bail was set. During this period, defendant agreed to and requested continuances, and therefore, the statute was tolled. *People v. Donalson* (1976), 64 Ill. 2d 536, 540, 356 N.E.2d 776, 777; *People v. Gooding* (1975), 61 Ill. 2d 298, 300-01, 335 N.E.2d 769, 770-71; *People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 637, 410 N.E.2d 677, 680.

Defendant filed a motion to suppress statements and physical evidence, and the motion was granted on February 20, 1976. Ordinarily, the defendant is chargeable with the time naturally occasioned by the filing of such a motion (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 637, 410 N.E.2d 677, 680; *People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 1045, 396 N.E.2d 1341, 1346), and defendant does not specifically complain about any delay during this period. On March 1, 1976, the State filed a notice of appeal from the ruling on the motion to suppress. On April 13, 1976, and May 13, 1976, defendant answered ready and demanded trial. The State filed its report of proceedings in the appeal on March 2, 1977. On April 19, 1977, defendant filed a motion to dismiss the indictment in the trial court, alleging that he was denied his right to a speedy trial because of the State's delay in prosecuting the appeal.

As noted above, the statute provides that the pendency of an interlocutory appeal tolls the statutory period in which a defendant must be brought to trial. (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a), (b).) The appellate court opinion was filed on April 11, 1978, and the mandate was issued on July 28, 1978. Therefore, the statutory period was tolled until July 28, 1978, when the mandate was filed in the trial court. *People v. Worley* (1970), 45 Ill. 2d 96, 98, 256 N.E.2d 751, 752.

■■ During the pendency of the appeal, on November 1, 1977, defendant

---

[1] There are other statutory qualifications which are not relevant here.

was taken into custody on a Federal indictment. On December 16, 1977, he was sentenced to four years imprisonment in Tennessee. Therefore, at the time the mandate was issued, defendant was in custody in Tennessee. It follows that the speedy trial statute (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a)) was not applicable since defendant was not in custody *in this State* at the time. (See *People v. Rose* (1972), 7 Ill. App. 3d 374, 378-79, 287 N.E.2d 195, 198; *People v. Terlikowski* (1967), 83 Ill. App. 2d 307, 310, 227 N.E.2d 521, 522.) Instead, his statutory right to a speedy trial arose from the Agreement on Detainers (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—9), which provides that if a person is imprisoned in a party State and there is pending in another party State an untried indictment on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he notifies the prosecuting officer's jurisdiction of his place of imprisonment and his request for a final disposition of his case. Here, the detainer was lodged against defendant on August 28, 1978, and assuming defendant notified the authorities, he was tried within 180 days. Accordingly, defendant's argument relating to his statutory right to a speedy trial fails.

■■ Although the statute implements the constitutional right to a speedy trial, it is not co-extensive with the constitutional right. (*People v. Bazzell* (1977), 68 Ill. 2d 177, 181, 369 N.E.2d 48, 49; *People v. Love* (1968), 39 Ill. 2d 436, 443, 235 N.E.2d 819, 823.) The constitutional right to a speedy trial cannot be defined in terms of an absolute standard of time within which an accused must be brought to trial. (*People v. Daniels* (1979), 76 Ill. App. 3d 646, 650-51, 395 N.E.2d 163, 167.) Whether a defendant has been denied his constitutional right to a speedy trial is a judicial question, and the record must be examined in its totality. (*People v. Bazzell* (1977), 68 Ill. 2d 177, 181, 369 N.E.2d 48, 49; *People v. Daniels* (1979), 76 Ill. App. 3d 646, 651, 395 N.E.2d 163, 167.) In determining whether there has been a denial of this right, the four factors which should be considered are the length of the delay, the reasons for the delay, the prejudice to the defendant and whether defendant waived the right. *People v. Bazzell* (1977), 68 Ill. 2d 177, 182, 369 N.E.2d 48, 50; *People v. Henry* (1970), 47 Ill. 2d 312, 316, 265 N.E.2d 876, 879.

■■ Although the time elapsed here was lengthy, a period of time standing alone is not controlling. Rather, the constitutional right to a speedy trial depends on a realistic appraisal of the circumstances which confronted court and counsel. (See *People v. Young* (1970), 46 Ill. 2d 82, 85, 263 N.E.2d 72, 74.) Here, the record demonstrates the presence of circumstances which explain a substantial portion of the delay, and we find no prejudice to defendant. (*Cf. People v. Bazzell* (1977), 68 Ill. 2d 177, 183, 369 N.E.2d 48, 50.) Until April 23, 1975, defendant agreed to or requested

continuances. Subsequently, an interlocutory appeal intervened. While the appeal was pending, defendant was taken into custody on a Federal indictment, and arrangements had to be made to bring defendant into Illinois for trial once the mandate issued.

■■ Defendant argues that his right to a speedy trial was violated because of the State's delay in filing the report of proceedings in the interlocutory appeal. However, defendant never moved to dismiss the appeal in the trial or appellate court. Instead, defendant filed a motion to dismiss the indictment in the trial court on April 19, 1977, by which time the report of proceedings had already been filed. The trial court had no jurisdiction to dismiss the indictment at the time because the appeal was still pending. The trial court did not reacquire jurisdiction until the mandate was filed on July 28, 1978. See *People v. Worley* (1970), 45 Ill. 2d 96, 98, 256 N.E.2d 751, 752.

Defendant also maintains that he was prejudiced because he was held to bail during the pendency of the appeal. He contends that holding him to bail was contrary to Supreme Court Rule 604(a)(3), which provides that a defendant is not to be held in jail or to bail during the pendency of an appeal by the State unless there are compelling reasons for his continued detention or being held to bail. (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(3).) However, under the circumstances, we believe the trial court could have properly concluded that there were compelling reasons to continue holding defendant to bail.

■■ Defendant also complains about the time elapsed between the filing of the appellate court opinion on April 11, 1978, and the issuance of the mandate on July 28, 1978. Supreme Court Rule 368 does not set forth an exact date for the filing of the mandate as defendant seems to suggest. (Ill. Rev. Stat. 1977, ch. 110A, par. 368.) We find no prejudice to defendant because of the time elapsed between the filing of the opinion and the filing of the mandate. Also, the State cannot be held responsible for the failure to try defendant during a period in which the trial court had no jurisdiction to try him. See *People v. Adams* (1967), 36 Ill. 2d 492, 496, 224 N.E.2d 252, 255.

Accordingly, we conclude that the jury properly found that defendant was guilty of murder beyond a reasonable doubt, and that he was not denied his right to a speedy trial. Therefore, the judgment of the trial court is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.