2021 IL App (1st) 200041-U

SECOND DIVISION
Rule 23 Order Filed June 30, 2021
Modified Upon Denial of Rehearing November 16, 2021

No. 1-20-0041

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 10 CR 691 |
| | ) | |
| MICHAEL MOORE, | ) | |
| | ) | Honorable Carol M. Howard, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

ORDER

¶ 1   *Held*: The trial court did not err when it dismissed defendant's postconviction petition at the first stage. Defendant did not state an arguably meritorious claim for relief where he failed to attach required evidence to his postconviction petition and did not allege facts that would establish prejudice. Defendant failed to state an arguably meritorious claim that counsel was ineffective for failing to file a motion to dismiss on speedy trial grounds.

¶ 2   Defendant Michael Moore was tried in a bench trial and found guilty of first-degree murder. He was sentenced to 45 years in prison. Defendant filed a postconviction petition alleging that his trial counsel was ineffective for failing to investigate two witnesses that

defendant claims would have been helpful to his defense. Defendant further alleged in his postconviction petition that his trial counsel was ineffective for failing to assert his constitutional right to a speedy trial and file a motion to dismiss on speedy trial grounds. The trial court dismissed defendant's postconviction petition at the first stage. Defendant now appeals, arguing that he is entitled to proceed to the second stage of postconviction proceedings. We find that the trial court did not err when it dismissed defendant's postconviction petition and, accordingly, we affirm.

¶ 3                                    BACKGROUND

¶ 4       Damion Roy was shot and killed on July 16, 2009 at the corner of West 21st Street and Karlov Avenue in Chicago. Roy was at that location socializing with several other individuals after finishing playing basketball at Mason Park. A red or maroon van approached the group at the intersection. Marcus Green, who was Roy's friend and was part of the group at that location, approached the van and started arguing with the occupants about a stolen car radio. The van began to pull away, but then quickly parked nearby. Three or four individuals exited the van, and a fight broke out between the two groups of people.

¶ 5       The fight ended after a few minutes. One of the individuals who had arrived in the van returned shortly thereafter and had a gun. Roy was shot several times, and the occupants of the van reentered the vehicle and fled the scene. Roy was taken from the scene in an ambulance and was pronounced dead thereafter. The cause of death was multiple gunshot wounds and the manner of death was determined to be a homicide.

¶ 6       Defendant was positively identified as the shooter by five eyewitnesses. Deshon Roy and Christopher Smith, who were hanging out with Damion Roy at the 21st Street intersection identified defendant as the shooter. Two uninterested individuals who were not involved in the

dispute also identified defendant as the shooter. One of those uninterested individuals, Dominique Brown, who lived at the location of the shooting, heard the commotion from the fight from inside her house. As she watched the events unfold, she saw defendant pull a gun from his pocket and shoot Roy. Terrell Rollins was on the porch of his aunt's house when he saw the fighting and saw defendant shoot Roy. Each of the four witnesses who identified defendant as the shooter knew him from before the incident and they consistently identified defendant as the shooter throughout the course of the investigation and the trial.

¶ 7    Defendant was also implicated as the shooter by Orlando Hampton, who admitted to being the person driving the red or maroon van. Hampton provided a statement to investigators that was consistent with the version of events described by the other eyewitnesses. Hampton also told investigators that defendant made statements following the shooting that confirmed defendant's identity as the shooter. At trial, however, Hampton testified that he was not present the day of the shooting and he denied the accuracy of the content of the written statement he had given to investigators. Hampton did, however, admit that his signature on the statement was genuine. Two other witnesses, Ivan Smith and Nathan Crockett testified that they were present and saw defendant at the scene, but they did not witness the shooting itself or see who the perpetrator was.

¶ 8    Defendant was arrested and tried for first-degree murder. The testimony at trial was consistent with the narrative set forth above.[1] The trial court found defendant guilty of first-degree murder and sentenced him to 45 years in prison. Defendant appealed his conviction. We affirmed defendant's conviction, explaining that we found the evidence of his guilt to be "overwhelming." *People v. Moore*, 2018 IL App (1st) 143713-U, ¶ 58. Defendant filed a petition

---

[1] For further recitation of the testimony presented in this case, see our order addressing defendant's direct appeal. *People v. Moore*, 2018 IL App (1st) 143713-U, ¶¶ 6-50.

for leave to appeal with the supreme court which was denied. *People v. Moore*, 108 N.E.3d 854 (Table) (September 26, 2018).

¶ 9    A year and a half after we affirmed his conviction, defendant filed the postconviction petition that is the subject of this appeal. In his postconviction petition, defendant claims that his trial counsel was ineffective for two reasons. Defendant claims that he was denied his constitutional right to a speedy trial, and he maintains that his counsel was ineffective for failing to assert his right and file a motion to dismiss. Defendant also claims that his trial counsel failed to investigate two witnesses who would have given favorable testimony to support his defense. The trial court dismissed defendant's postconviction petition at the first stage. Defendant now appeals the dismissal of his postconviction petition.

¶ 10                                ANALYSIS

¶ 11    The Post-Conviction Hearing Act (725 ILCS 5/122–1 *et seq.*) provides a process by which a criminal defendant may challenge his or her conviction by filing a petition for relief in the trial court. 725 ILCS 5/122–1 (West 2012). The Act provides for a three-stage process for adjudicating postconviction petitions. *People v. Harris*, 224 Ill. 2d 115, 125 (2007). At the first stage of postconviction proceedings, the trial court independently assesses the merits of the petition. 725 ILCS 5/122–2.1 (West 2012). If the court finds the petition to be "frivolous" or "patently without merit," the court shall dismiss the petition. 725 ILCS 5/122.1(a)(2) (West 2012). If the trial court dismisses a postconviction petition at the first stage, we review the propriety of that dismissal *de novo*. *People v. Boyd*, 347 Ill. App. 3d 321, 327 (2004).

¶ 12    At issue in this appeal are two claims that defendant was denied the effective assistance of trial counsel. The Constitution of the United States guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. Amend. VI (West 2018). Thus, where a criminal

defendant is convicted of an offense but did not receive constitutionally adequate representation, he can seek relief to vindicate his constitutional right to counsel. *People v. Burnett*, 385 Ill. App. 3d 610, 614 (2008). To be entitled to relief on a claim of ineffective assistance of counsel, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *People v. Scott*, 2015 IL App (1st) 131503, ¶ 27. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691 (citing *United States v. Morrison*, 449 U.S. 361, 364–65 (1981)). "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692.

¶ 13    At the first stage of postconviction proceedings, the defendant alleging ineffective assistance of counsel must plead facts which, when taken as true, render it arguable that counsel performed deficiently, and arguable that the defendant suffered prejudice as a result of that deficient performance. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). We analyze claims of ineffective assistance of counsel by considering the entire record. *People v. Hommerson*, 399 Ill. App. 3d 405, 415 (2010).

¶ 14    Defendant sets forth two discrete grounds on which he claims he was denied his right to effective assistance of counsel. Defendant argues that his trial counsel was ineffective for failing to assert his right to a speedy trial, and defendant argues his trial counsel was ineffective for failing to investigate two witnesses who he claims would have provided favorable evidence to support his defense.

¶ 15    As to defendant's claim that trial counsel should have investigated two specific witnesses who allegedly would have been helpful to his defense, defendant contends that it is arguable that counsel's failure to investigate the witnesses fell below an objective standard of reasonableness. The two witnesses at issue are Laoneda Clay and Tiffany Brown. In his postconviction petition, defendant alleges that Clay was present in the van driven by Orlando Hampton. Defendant opines that Clay would have testified that defendant did not have a gun or kill Damion Roy. As for Brown, defendant alleges that Brown is Terrell Rollins's cousin. Defendant opines that Brown would have testified that Rollins fabricated his trial testimony under the belief that it would help him receive a beneficial disposition of his own drug charge. Defendant contends that both witnesses would have supported his defense at trial.

¶ 16    With regard to the witness issue, defendant failed to demonstrate a right to go forward under the Post-Conviction Hearing Act. The Act requires the petitioner to attach affidavits, records, or other evidence that supports the claim for postconviction relief. 725 ILCS 5/122-2 (West 2018). In the absence of attaching the required supporting evidence, the petitioner must explain why the evidence is not attached. *Id*. The failure to either attach the necessary affidavits, records, or other evidence or explain their absence is fatal to a postconviction petition. *People v. Collins*, 202 Ill. 2d 59, 66 (2002); *People v. Delton*, 227 Ill. 2d 247, 258 (2008).

¶ 17    In this case, defendant did not attach the required evidence to his petition or adequately explain its absence. He did not attach affidavits from Clay or Brown to support his allegations about what their testimony might have been. In fact, defendant has not supplied any evidence or pointed to any evidence in the record that supports his claims in any way. The sole support for defendant's claims is his own allegations. "To support a claim of failure to investigate and call witnesses, a defendant must introduce affidavits from those individuals who would have

testified. Without affidavits, this court cannot determine whether these witnesses could have provided any information or testimony favorable to defendant." *People v. Guest*, 166 Ill. 2d 381, 402 (1995); see also *People v. Dupree*, 2018 IL 122307, ¶¶ 40, 42 (where a defendant seeks to "introduce new evidence that could only be verified by an affidavit from the proposed witness," the failure to attach any supporting evidence leaves the petition lacking "proof that such evidence actually existed or that it would have been helpful to the defense.").

¶ 18    Defendant recognizes that he failed to support his claim with the evidence required by the Act. So defendant instead relies on the provision in the Act that excuses the failure to attach supporting evidence if a petitioner states why the evidence is not attached to the petition. See 725 ILCS 5/122-2 (West 2018). Defendant states in his postconviction petition that the alleged witness affidavits are forthcoming. He claims that he has met his first-stage requirements under the Act because he alleged in his petition that he did not attach affidavits from the witnesses "because they have not sent them to me yet." Defendant's allegation is insufficient to remedy the shortcoming of his petition. *Collins*, 202 Ill. 2d at 66-67.

¶ 19    Defendant attempts to use his own verification and the first-stage pleading standard in place of supplying the required evidence. Our supreme court has explained that a petitioner's verification is not a substitute for the evidence required by the Post-Conviction Hearing Act. *Id*. Moreover, defendant does not explain what efforts he made to secure the witnesses' statements, nor does he attempt to explain when the statements might be forthcoming. *People v. Brown*, 2014 IL App (1st) 122549, ¶ 48 ("If at first-stage review the affidavits do not comply with the evidentiary requirements of section 122–2, then the petition must comply with the pleading requirements of section 122–2 by at least providing an explanation as to why the documents or affidavits are unobtainable."); see also *People v. Allen*, 2015 IL 113135, ¶ 26. A petitioner

cannot completely circumvent the evidentiary requirement of the Act by merely supplying his own unsupported allegation that an affidavit is forthcoming at some indefinite point in the future. While we acknowledge the lenient standard at the first stage of postconviction proceedings, the interpretation of the Act that defendant urges us to accept is an interpretation that the evidentiary requirement simply does not exist.

¶ 20     Defendant asks us to excuse his failure to supply evidence, arguing that his burden to supply evidence should be applied at the second stage where his counsel can attempt to obtain affidavits from the witnesses. That request is at odds with the Post-Conviction Hearing Act's first-stage requirements. See 725 ILCS 5/122-2 (West 2018). A petitioner is required to supply the supporting evidence at the *first stage* in order to avoid dismissal. *Brown*, 2014 IL App (1st) 122549, ¶ 46. Without affidavits from the witnesses that defendant claims counsel should have investigated or a valid explanation as to why the affidavits were not supplied, defendant's postconviction petition was subject to dismissal at the first stage. *Guest*, 166 Ill. 2d at 402. Defendant's failure to attach any evidence to his postconviction petition, or even point to evidentiary support in the record, is fatal to his claim that counsel was ineffective for failing to investigate the two alleged witnesses.

¶ 21     As to the testimony that Brown would have allegedly provided, defendant's own allegations demonstrate that he could not have provided the information to his attorney prior to trial. Defendant alleges that Brown told him that she knew Rollins had *testified at trial* and lied *during his trial testimony*. Defendant alleges that Brown told him that Rollins gave false testimony at trial in an effort to secure leniency in a criminal case of his own. The allegations indicate that they consist of information that defendant could have only learned from talking to Brown *after* trial. Defendant could not have informed his trial counsel about his conversation

with Brown before trial as defendant now alleges. So as to Brown, defendant does not even allege facts to show an arguably deficient performance by counsel.

¶ 22     At the first stage of postconviction proceedings, the petitioner must allege facts to demonstrate that counsel's representation was arguably deficient, and that the petitioner arguably suffered prejudice as a result of that deficient representation. *Hodges*, 234 Ill. 2d at 17. To demonstrate arguable prejudice, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability the result of the proceedings would have been different. *People v. Coleman*, 2011 IL App (1st) 091005, ¶ 43. As we already held when we ruled on defendant's direct appeal, the evidence against him in this case was overwhelming. *Moore*, 2018 IL App (1st) 143713-U, ¶ 57. Even if defense counsel had done what defendant now claims he should have done, there is no reasonable probability that the result of the proceedings would have been different.

¶ 23     Seven different witnesses put defendant at the scene of the crime. Five of those seven witnesses positively identified defendant as the shooter. Two of those five identifying witnesses were uninterested persons who were just present at the location and not involved in the dispute. And one of the identifying witnesses was defendant's own friend who drove him to the scene of the crime and who then also received inculpatory statements from defendant following the shooting. Even when the allegations defendant makes in his postconviction petition are taken as true, defendant has not set forth an arguable claim of prejudice. The unsupported allegations defendant makes in his postconviction petition fail to show that he was arguably prejudiced, so his petition was properly dismissed at the first stage. See *People v. Richardson*, 2015 IL App (1st) 113075, ¶ 21; *People v. Dobbey*, 2011 IL App (1st) 091518, ¶¶ 68-69.

¶ 24    As to defendant's claim that he was denied his right to a speedy trial, defendant argues that his trial counsel's failure to file a motion to dismiss on speedy trial grounds arguably constituted ineffective assistance of counsel. In particular, defendant points to the fact that it took 22 months from the time he was arrested to the time discovery was completed, most of which was occasioned by a delay to perform and process DNA testing. Defendant alleges that he informed his trial counsel that he wanted to be tried within the speedy-trial term, but that his counsel's agreement to several continuances deprived him of that right.

¶ 25    Defendant makes clear that he is not asserting a claim for speedy trial under Illinois statute, but is instead relying on his constitutional right to a speedy trial. The Sixth Amendment right to a speedy trial is fundamental and is made applicable to state proceedings through the due process clause of the Fourteenth Amendment. *People v. Gay*, 387 Ill. App. 3d 424, 428 (2008). The constitutional right to a speedy trial cannot be defined in terms of an absolute or precise standard of time within which an accused must be tried. *People v. Crane*, 195 Ill. 2d 42, 47–48 (2001) (quoting *People v. Henry*, 47 Ill. 2d 312, 316 (1970)). Instead, whenever a constitutional speedy trial claim has been raised, the record in its totality must be examined to ascertain whether the defendant has enjoyed the right guaranteed by the constitution. *Id.* at 48 (quoting *People v. Bazzell*, 68 Ill. 2d 177, 181 (1977)).

¶ 26    The Supreme Court of the United States has identified four factors that provide a structure for a court's inquiry into whether an accused has been denied his constitutional right to a speedy trial. *Id.* The four factors the Supreme Court has identified for a court to weigh in assessing a violation of the right to a speedy trial are: the length of the delay; the reasons for the delay; the prejudice, if any, to the defendant; and defendant's assertion of his right. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

10

¶ 27    In this case, defendant had a private attorney that he chose and retained to represent him. Defendant did not discharge his attorney or ever voice displeasure on the record about his counsel agreeing to the discovery extensions. Even when defendant appeared in court in an instance without his counsel present, at a time when the speedy trial period could have been at issue, defendant made no effort to assert his right or voice displeasure with his representation. Instead, defendant consented to an additional continuance. The record also shows that defense counsel was investigating several witnesses with the input of defendant's family in an effort to prepare for trial at the same time the State was requesting continuances to complete its discovery obligations. There is no indication in the record that the delay in completing discovery created a tactical advantage for the State.

¶ 28    The one specific extension defendant identifies as most problematic was the extension that his counsel agreed upon for the State to perform DNA testing. As it turned out, the DNA evidence was actually helpful to defendant. It formed the basis for defendant's defense at trial. Even in this appeal, defendant relies significantly upon the DNA evidence and that fact that it did not inculpate him as support for his argument that he suffered prejudice. Viewing the entirety of the record and balancing the factors set forth in *Barker*, defendant has not alleged facts to demonstrate that he was denied a timely and fair trial in violation of his right to a speedy trial under the Sixth Amendment. The trial court did not err when it dismissed defendant's postconviction petition.

¶ 29                                    CONCLUSION

¶ 30    Accordingly, we affirm.

¶ 31    Affirmed.