(No. 44691.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES FLOYD DODD, JR., Appellant.

*Opinion filed September 17, 1974.*

Paul Bradley, State Appellate Defender, of Chicago (Kenneth L. Jones, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Robert H. Howerton, State's Attorney, of Marion (James B. Zagel and Robert E. Davy, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, James Floyd Dodd, Jr., appeals from the judgment of the circuit court of Williamson County dismissing without an evidentiary hearing his petition filed under the provisions of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*). The record shows that on June 1, 1966, petitioner waived indictment, pleaded guilty to a one-count information charging him with murder and was sentenced to the penitentiary for a term of not less than 30 nor more than 40 years. A post-conviction petition filed April 14, 1967, was dismissed without an evidentiary hearing. Petitioner appealed to this court and while the appeal was pending the Attorney General filed a "Confession of Error" based on the failure of the circuit court to conduct a competency hearing prior to accepting petitioner's plea of guilty to the murder charge. The confession of error was allowed, the judgment was reversed, the sentence vacated and the

cause remanded for further proceedings. The circuit court received the mandate of this court on June 6, 1968. On June 17, 1968, petitioner was indicted on the murder charge and on July 1, 1968, the People moved for a hearing to determine petitioner's competency to stand trial. The competency hearing was held on September 10, 1968, petitioner was found competent, and on September 23, 1968, trial was commenced on the murder indictment. Petitioner was convicted of involuntary manslaughter and sentenced to not less than 8 nor more than 10 years in the penitentiary.

The post-conviction petition involved in this appeal was filed *pro se,* and the circuit court appointed the same attorney who had represented the petitioner in the murder trial to represent him in the post-conviction proceeding. The People moved to dismiss, the motion was allowed, and this appeal followed.

In this appeal, represented by other counsel, petitioner contends that he was not adequately represented in the circuit court by appointed counsel. He contends that the record does not show compliance with Supreme Court Rule 651(c), which, in pertinent part, provides that the record on appeal "shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 50 Ill.2d R. 651(c).

Petitioner concedes that there was communication between him and counsel but argues that "it was not such as to satisfy the requirement of Rule 651(c) in that the time between appointment of counsel and the hearing did not give petitioner time to communicate all his grievances through the mail." The *pro se* petition is lengthy and sets

forth in detail a number of allegations of error and of violations of petitioner's constitutional rights. Petitioner does not enumerate any "grievances" which he failed to communicate to counsel, and the only claim of violation of petitioner's constitutional rights asserted or argued in his brief, other than the claim of inadequate representation in the circuit court, is adequately set forth in the *pro se* petition. Under the circumstances we fail to see in what manner petitioner was prejudiced by the allegedly inadequate communication with counsel.

Petitioner argues, too, that he was not adequately represented in the circuit court in that counsel failed to amend the *pro se* petition. Petitioner does not contend that failure to amend the *pro se* petition resulted in the omission of any significant allegation, nor does he suggest in what manner the petition should have been amended. Under the circumstances shown failure to amend the petition does not support the contention that petitioner was inadequately represented. *People v. Bowman,* 55 Ill.2d 138.

Although the better practice would be to show compliance with Rule 651(c) by the certificate of petitioner's appointed counsel, the transcript of the oral argument before the trial court shows that appointed counsel was familiar with the trial court record and that he knew, and argued to the circuit court, the allegations contained in the *pro se* petition. From our examination of the record we conclude that petitioner was adequately represented in the circuit court.

Petitioner contends next that his conviction must be reversed for the reason that he was denied his constitutional right to a speedy trial. Petitioner concedes that the statutory 120-day period (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a)) commenced to run when the mandate was received by the circuit court *(People v. Adams,* 36 Ill.2d 492) and that he was tried within the statutory period but argues "that it was actually two and a half years before the

State gave him a trial that was free of manifest error." He argues, too, that the People engaged in "delaying tactics" in that 97 days elapsed between the date of the receipt of the mandate and the holding of the competency hearing and that following the competency hearing he had only 12 days in which to prepare for trial.

The statutory term of 120 days and the period of time which meets the constitutional requirement of a speedy trial are not coextensive. (*People v. Nowak*, 45 Ill.2d 158.) While situations following reversal of a conviction, or mistrial, may in some instances require an examination of the record to determine whether the expiration of a full 120-day term prior to retrial violated an accused's right to a speedy trial (*People v. Aughinbaugh*, 53 Ill.2d 442), in the absence of exceptional circumstances, retrial within 120 days of the circuit court's receipt of the mandate remanding the cause for trial satisfies the constitutional requirement that an accused be given a speedy trial. We find no such exceptional circumstances to be shown on this record and hold that petitioner was not deprived of his constitutional right to a speedy trial.

For the reasons stated the judgment of the circuit court of Williamson County is affirmed.

*Judgment affirmed.*