THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES B. FARNSWORTH, Defendant-Appellee.

(No. 74-256;

Second District (2nd Division)—September 15, 1975.

Gerry L. Dondanville, State's Attorney, of Geneva, for the People.

Stephen M. Cooper, of Geneva, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The State has appealed from the trial court's dismissal of an indictment for attempt murder and attempt robbery where the defendant was brought to trial within 120 days of the return of the mandate to the trial court, but 163 days after the supreme court's denial of the State's petition for leave to appeal.

On April 5, 1973, upon defendant's appeal from the trial court's denial of all post-conviction relief, we reversed defendant's conviction of the charge of attempt murder, and remanded the case with directions to allow defendant to withdraw his guilty plea and to plead anew. (10 Ill.App.3d 844.) Thereafter, we allowed the State's motion to recall the mandate (previously returned to the trial court) pending disposition of the State's petition for leave to appeal to the Supreme Court of Illinois. On September 26, 1973, the supreme court denied the State's petition and on October 25, 1973, the clerk of this court received the mandate from the clerk of the Illinois Supreme Court.

In the meantime, on October 14, 1973, defendant, after receiving a letter from Richard Cooper (who had been appointed defendant's counsel in the appeal), mailed a letter to the presiding judge of the circuit court of Kane County calling attention to the denial of leave to appeal, stating the defendant was awaiting return to Kane County circuit court for rearraignment, and requesting appointment of counsel to represent him. That letter was in turn forwarded by the judge to the State's Attorney of Kane County. On October 23, 1973, the State's Attorney wrote to his appeals' attorney referring to the denial of leave to appeal and requesting that, "as soon as the mandate is issued," action be taken to bring the defendant for rearraignment and retrial.

On March 8, 1974, after attorney Stephen Cooper, son of defendant's court-appointed counsel, telephoned the clerk of this court regarding the mandate, the clerk returned the mandate to the trial court. On March 12, 1974, on the State's petition, a writ of *habeas corpus* was issued commanding the superintendent of the Joliet Correctional Center to produce defendant on April 3, 1974, at the Kane County Court House. On that date the trial court entered an order, pursuant to the mandate, withdrawing defendant's guilty plea and vacating the dismissal of the attempt robbery charge; the court also appointed Stephen Cooper counsel to represent defendant, defendant was rearraigned on the original indictment for attempt murder and attempt robbery and defendant pleaded not guilty. His counsel also filed a motion to dismiss for failure to afford defendant a speedy trial. On April 24, 1972, the trial court entered its order dismissing the indictment.

Section 103—5(a) and (d) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a) and (d)) provides that "Every

person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *," and unless so tried he shall be discharged from custody. Supreme Court Rule 604(a)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(4)) provides in substance that "[t]he time during which an appeal by the State is pending is not counted * * *." Supreme Court Rule 368(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 368(a)) requires the clerk of the reviewing court to transmit the mandate to the circuit court "not earlier than 21 days after the entry of judgment unless the court orders otherwise." Here 120 days did not elapse between the time the trial court obtained jurisdiction for the new trial and the time defendant was presented to the court for the new trial. The trial court did not acquire jurisdiction for the new trial until the date the mandate of this court was filed in the trial court. See *People v. Adams*, 36 Ill.2d 492.

The clerks of reviewing courts normally issue the mandate automatically upon the expiration of 21 days. Whether due to clerical error or oversight the mandate in this case did not issue until it was called to the attention of the clerk of this court on March 8, 1974, by counsel for the defendant.

As soon as the mandate was issued the State proceeded diligently to cause the defendant to be produced before the court for rearraignment pursuant thereto. The defendant was brought to trial (rearraignment) within 120 days of the circuit court's receipt of the mandate reversing and remanding this case to the trial court with directions which were being carried out pursuant to the mandate. In *People v. Dodd*, 58 Ill.2d 53, 57, the supreme court said:

> "The statutory term of 120 days and the period of time which meets the constitutional requirement of a speedy trial are not coextensive. [Citation.] While situations following reversal of a conviction, or mistrial, may in some instances require an examination of the record to determine whether the expiration of a full 120-day term prior to retrial violated an accused's right to a speedy trial [Citation], in the absence of exceptional circumstances, retrial within 120 days of the circuit court's receipt of the mandate remanding the cause for trial satisfies the constitutional requirement that an accused be given a speedy trial. We find no such exceptional circumstances to be shown on this record and hold that petitioner was not deprived of his constitutional right to a speedy trial."

The record in the case at bar reveals no exceptional circumstances nor any evidence of prejudice to the defendant resulting from the delay.

(*People v. Williams*, 59 Ill.2d 402, 408.) Neither does the record disclose that the prosecutor here consciously or unconsciously refused to take steps necessary to insure prompt rearraignment of the defendant. He merely awaited the performance of steps which the clerk of this court would normally take automatically.

Therefore, the judgment of the circuit court of Kane County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

T. MORAN and DIXON, JJ., concur.