(No. 48003.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. CARL B. DONALSON, Appellee.

*Opinion filed October 1, 1976.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon, Iris E. Sholder, Michael E. Shabat, and Michael J. Angarola, Assistant State's Attorneys, all of Chicago, of counsel), for the People.

James Geis, Deputy Defender, Office of State Appellate Defender, of Chicago (Kenneth L. Jones, Assistant Defender, of counsel), for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

The defendant was convicted of the offenses of murder and attempt armed robbery and sentenced to a term of 20 to 40 years in the penitentiary for the offense of murder. The Appellate Court for the First District reversed the conviction, holding that the defendant had been denied his right to be tried within 120 days from the date he was taken into custody. (*People v. Donalson,* 32 Ill. App. 3d 195.) We have granted the State's petition for

leave to appeal.

The defendant was taken into custody on January 29, 1972. He was subsequently charged with murder and armed robbery and ordered held without bail. On January 31, 1972, the defendant appeared in court and requested a continuance in order that he might have time to retain an attorney. Pursuant to that request, the court ordered the cause continued until February 15, 1972. On April 25, 1972, the defendant's retained counsel filed his appearance and a demand for trial. On the same date the State filed a motion for discovery. On May 5, 1972, the defendant filed a motion for discovery, and the court ordered the cause continued until June 8, 1972. On May 19, 1972, the defendant filed in open court a motion to suppress his confession, a motion for a copy of the minutes of the preliminary hearing without charge and a motion to have the defendant examined by a physician in the county jail. The court granted the motion for examination of the defendant by a physician and denied the motion for a free copy of the minutes of the preliminary hearing. Defense counsel made no attempt to obtain a hearing date for the motion to suppress but did inform the court that he would be filing additional motions on June 8, 1972. On that date, the State filed an answer to the defendant's discovery motion, and the defendant orally moved for discharge, alleging that the State had failed to bring him to trial in accordance with section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5). The defendant was then given 5 days to file a written motion *nunc pro tunc*. On July 7, 1972, the court, after hearing arguments, denied the defendant's motion for discharge. The defendant was subsequently tried by a jury and convicted.

The defendant made several allegations of error in his appeal to the appellate court. The appellate court, without addressing itself to the other issues raised by the defendant, reversed the conviction on the ground that the

defendant had not been brought to trial in accordance with section 103—5. The appellate court reasoned that, because the defendant had moved for a continuance and the case was then continued to February 15, 1972, the 120-day term began running on February 15 and ended on June 14, 1972. The appellate court further reasoned that, since the defendant's motion for discharge had not been heard until the 143rd day of the term and since there had been no delay occasioned by the defendant, the motion for discharge should have been granted. The State contends that the several motions filed by the defendant after February 15, 1972, constituted delays occasioned by the defendant and therefore tolled the running of the statute.

Section 103—5(a) of the Code of Criminal Procedure provides in relevant part:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***." (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a).)

The parties are in agreement that the running of the statute was tolled by the defendant's initial request for a continuance. When a continuance is granted on the motion of the defendant within the 120-day statutory period, the continuance constitutes a delay occasioned by the defendant. (*People v. Gooding,* 61 Ill. 2d 298.) With respect to an offense allegedly committed on or after March 1, 1977, a delay occasioned by the defendant temporarily suspends for the time of the delay the period within which the defendant shall be tried. (Pub. Act 79—1237.) With respect to offenses allegedly committed prior to March 1, 1977, however, a delay occasioned by the defendant tolls the running of the statute, and a new statutory period commences to run from the date to which the case had been delayed. (*People v. Lee,* 44 Ill. 2d 161.) In the instant case, therefore, the continuance granted on the defendant's request constituted a delay occasioned by the

defendant, and a new statutory period began running on February 15, 1972.

The defendant's discovery motion was filed on the 80th day of the term, while the motion to suppress, the motion for a copy of the minutes of the preliminary hearing without charge and the motion to have the defendant examined by a physician in the county jail were filed on the 94th day of the term. The latter two motions, contrary to the argument advanced by the State, clearly did not cause delay in the proceedings. The court ruled on both motions on the same day that they were presented, and we fail to see how any delay could have resulted. Whether the defendant caused delay by filing his discovery motion on May 5, 1972, is a much more difficult question. We held in *People v. Nunnery,* 54 Ill. 2d 372, that not every motion for discovery filed by a defendant will constitute a delay occasioned by the defendant. The question in such a case is whether the defendant's acts in fact caused or contributed to a delay. We find it unnecessary to answer that question with respect to the defendant's discovery motion in this case because we conclude that the defendant did cause delay in filing his motion to suppress his confession. Only 26 days remained in the term when the defendant filed his motion to suppress. Since the allegations of the motion stated facts which, if true, would show that the defendant's confession had not been voluntarily made, the court was required to conduct a hearing into the merits of the motion. (Ill. Rev. Stat. 1971, ch. 38, par. 114—11(c).) The State has the burden at such a hearing to go forward with the evidence and to prove that the confession was voluntary. (Ill. Rev. Stat. 1971, ch. 38, par. 114—11(d).) Obviously, the State was entitled to some time after the filing of the motion to suppress in order to prepare for the hearing on the motion. In *People v. Terry,* 61 Ill. 2d 593, 596, we found that, based upon the "unusual circumstances" present in that case, the defendant was entitled to discharge. We recog-

nized, however, that when a defendant files motions such as a motion to suppress evidence, he is ordinarily chargeable with the delay occasioned by the filing of the motion and he moreover has the primary obligation to call the motion for hearing and disposition.

The defendant in the instant case made no attempt to obtain a date for a hearing on his motion to suppress. In fact, defense counsel informed the court that, before he could fully prepare for the motion to suppress, it was necessary to have the defendant examined by a physician in the county jail. Defense counsel then stated that he would have additional motions to present to the court on June 8, 1972. Knowing that a hearing was required, that preparation for the hearing was necessary and that only 26 days remained in the term when the motion to suppress was filed, the defendant caused and acquiesced in the delay occasioned by the filing of the motion. The appellate court determined that there had been no delay within the 120-day term because the hearing on the motion was not held until after the term had run. Such reasoning is faulty. Given the nature of the defendant's allegations, the mere filing of the motion necessitated a hearing and a certain amount of preparation for that hearing on the part of the State. The mere filing of the motion eliminated the possibility that the case could be immediately set for trial. We therefore hold that the filing of the motion to suppress the confession was a delay occasioned by the defendant which tolled the running of the 120-day statutory period. The trial court acted properly in denying the defendant's motion for discharge.

The opinion of the appellate court states that five issues were raised by the defendant in that court. The appellate court considered only the speedy trial issue. We therefore reverse the judgment of the appellate court and remand the cause to that court for consideration of the remaining issues. *Reversed and remanded, with directions.*