THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BOBBY BEVIS, Defendant-Appellant.

First District (2nd Division)    No. 77-1685

Opinion filed October 7, 1980.

Ralph Ruebner and Michael Mulder, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Barry S. Pechter, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Defendant, Bobby Bevis, was charged by information with one count of attempt rape in violation of section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—4), one count of deviate sexual assault

in violation of section 11—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—3), and one count of indecent liberties with a child in violation of section 11—4(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(3)). Following a bench trial defendant was found guilty as charged. The convictions for attempt rape and deviate sexual assault were merged into the conviction for indecent liberties with a child. Defendant was sentenced to a term of four to five years.

This appeal presents no question as to the guilt of defendant but only the question of whether defendant was denied a speedy trial.

For reasons hereinafter set forth, we affirm the judgment of the circuit court of Cook County.

Defendant was charged with the above offenses on October 6, 1976. On February 22, 1977, defendant answered ready for trial. Several continuances were then granted upon motions by the State. On June 28, 1977, 127 days after defendant had answered ready for trial, the State, accompanied by its witnesses, answered ready for trial. At that time the State requested and was granted over objections by defendant leave to amend the information charging defendant with deviate sexual assault. The information was amended to read "oral copulation upon her" rather than "oral copulation upon him." Defense counsel then requested a continuance stating that he needed additional time to prepare because of the amendment. The trial judge granted defendant's request that the cause be continued until August 3, 1977, three days past the statutory term.

■■ Defendant contends that he was not tried within 160 days of his demand for trial as required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)) and thus the trial court erred in denying his motion for discharge.

Section 103—5(b) provides in pertinent part:

"Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by defendant * * *."

Every person not tried in accordance with subsection (b) must be discharged from custody or released from the obligations of his bail or recognizance. (Ill. Rev. Stat. 1975, ch. 38, par 103—5(d).) With respect to offenses allegedly committed prior to March 1, 1977, a delay occasioned by the defendant tolls the running of the statute, and a new statutory period commences to run from the date to which the case had been delayed. (*People v. Donaldson* (1976), 64 Ill. 2d 536, 540, 356 N.E.2d 776; *People v. Lee* (1969), 44 Ill. 2d 161, 166, 254 N.E.2d 469.) In determining whether the delay is occasioned by the defendant, the applicable test is whether the act of the defendant contributed to cause the delay, or

created the necessity for postponement of trial. (*People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29, 224 N.E.2d 242; *People v. Boyce* (1977), 51 Ill. App. 3d 549, 553, 366 N.E.2d 914.) A reviewing court must carefully examine the surrounding facts and circumstances to prevent a mockery of justice either by technical evasion of the right to a speedy trial by the State, or by discharge of a defendant by a delay in fact caused by him. *Fosdick*, at 529.

■■ While defendant admits that his own continuance[1] put the trial beyond the 160-day period, he argues that the State forced him into the position of requesting the continuance by amending the information. The record indicates that when the State amended the information on June 28, 1977, there were 33 days remaining in the initial 160-day period. While it may have been reasonable for defendant to delay to examine and evaluate the amended information, defendant still had 33 days in which to go to trial within the 160-day period, and yet he voluntarily had the case continued to a date three days later. (*People v. Lovitz* (1976), 39 Ill. App. 3d 624, 630-31, 350 N.E.2d 276.) Contrary to defendant's intimations, there is nothing in the record to indicate that the State intentionally delayed amending the information in order to prejudice defendant's right to a speedy trial. The record fails to reflect any bad faith on the part of the State. Although the State did not seek to amend the information until nearly nine months after it was filed, we cannot reasonably conclude that defendant could have been surprised or prejudiced by the amendment substituting "oral copulation upon her" for "oral copulation upon him." The complaint for preliminary examination, which defendant had in his possession, stated that defendant "committed the offense of [d]eviate [s]exual [a]ssault in that he * * * by force compelled [the victim] to submit to an act of deviate sexual assault * * * by involving [the victim's] sexual organs with his mouth * * *." The record further reflects that the State fully complied with discovery and thus defendant was in possession of the police report. Accordingly, we are of the opinion that the delay must be charged against defendant and tolled the running of the 160-day period.

In support of his contention that the delay on June 28, 1977, should not be attributed to him, defendant cites *People v. Beyah* (1977), 67 Ill. 2d 423, 367 N.E.2d 1334, *People v. Shields* (1974), 58 Ill. 2d 202, 317 N.E.2d 529, and *People v. Sharos* (1974), 24 Ill. App. 3d 265, 320 N.E.2d 351. These cases are inapposite to the case at bar. In *Beyah*, our supreme court, at page 428, ruled that " 'it was the court, and the court alone, which proposed and interjected the matter of a continuance.' " In *Shields*, our

---

[1] Defendant's motion for discharge and his argument on the motion admit that he requested the continuance.

supreme court ruled that the State had violated the defendant's right to a speedy trial by demanding discovery information instanter from defendant's attorney, who had been appointed only seven days before the expiration of the statutory period. In that case it is clear that defendant was entitled to a reasonable time to produce the answers required, and that such a necessary delay should not be charged against defendant. In *Sharos*, the appellate court specifically found that defendant's request for a continuance was attributable to the State's failure to comply with discovery and therefore the delay was not occasioned by defendant. Nevertheless, the court opined at page 267 that compliance was made in sufficient time to commence trial long before the expiration of the 160 days.

While we will not permit the State to evade a defendant's right to a speedy trial, neither will we permit a defendant to evade prosecution by creating a delay. A fair and objective appraisal of the proceeding of June 28, 1977, demonstrates that the delay beyond the 160-day period was occasioned by defendant. In our opinion the State has not deprived defendant of either his constitutional or statutory rights to a speedy trial. Thus, the trial court did not err in denying defendant's motion for discharge.

Based upon the foregoing, we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS and DOWNING, JJ., concur.