THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BEN DORSEY, Defendant-Appellant.

First District (4th Division)    No. 81-377

Opinion filed April 15, 1982.

James B. Haddad, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Richard T. Sikes, Jr., Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Ben Dorsey, appeals his conviction for attempted murder (Ill. Rev. Stat. 1973, ch. 38, par. 8—4). On appeal, defendant contends he was denied his right to a speedy trial.

We affirm.

In April 1975, a grand jury indicted defendant and Leon Harris, his codefendant, on three counts of murder (Ill. Rev. Stat. 1973, ch. 38, par. 9—1) and one count of attempted armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) of a cab driver, Roger Walton. After a series of continuances, the speedy trial provisions of section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) (hereafter referred to as the speedy trial statute) began to run on June 18, 1976. After that date, the State moved for and was granted continuances.

On October 15, 1976, the assistant State's Attorney, George Lynch, noted that defendant Dorsey's term would run out on the next day, October 16. Lynch petitioned for an extension of time under the speedy trial

statute because of a failure to locate a necessary State witness, Mattie Grady. Over defense objection, the court extended the term as to both Dorsey and Harris until December 15, 1976. On that date, defendant Dorsey's and codefendant Harris' joint trial began. This court summarized the testimony in our previous opinion in this case, *People v. Dorsey* (1980), 88 Ill. App. 3d 712, 410 N.E.2d 1132. After a jury trial, defendant Dorsey was found guilty of murder and not guilty of attempted armed robbery.

The case was set for sentencing on January 24, 1977, but because of hospitalization of the trial judge, it was continued until July 26, 1977, when defendant was sentenced to 14 years' imprisonment. Defendant's attorney filed a notice of appeal on August 24, 1977. On January 16, 1980, defendant's present counsel was appointed to prosecute the appeal. This court reversed defendant's conviction on September 18, 1980, and remanded for a new trial. We held that the trial court should have severed the trials of Dorsey and Harris because they had antagonistic defenses. (88 Ill. App. 3d 712, 719.) An issue raised but not decided in the earlier appeal was whether the trial court erred in extending the speedy trial term. This court, on November 25, 1980, issued a mandate directing the circuit court to grant defendant a new trial.

Defendant was retried on February 10, 1981. He waived a trial by jury and stipulated to the testimony of the State's witnesses. Defendant was found guilty of attempted murder and sentenced to 4 years and 1 day. Since defendant had already been imprisoned for 6 years, the court ordered him released instanter. It is from this second conviction that defendant appeals.

Defendant argues that he was denied the right to a speedy trial because the extension under the speedy trial statute was unwarranted. On October 15, 1976, the prosecution petitioned for an extension of time. An investigator for the State's Attorney testified that he had attempted to locate Mattie Grady at a Chicago address but no one with that name lived there, and the building superintendent did not recognize the name. The investigator also checked with Chicago police, the post office, and the public aid department, but he found no record of Grady. The investigator's partner had told him that Grady might be in Biloxi, Mississippi. The Mississippi Department of Public Aid and Biloxi police had been contacted, but the investigator had not received any responses at the time of the hearing. On cross-examination, the investigator admitted he had no physical description of witness Grady and he did not know the source of his partner's information that she might be in Biloxi. The officer had last contacted the Mississippi agencies 4 weeks prior to the hearing. The judge granted the petition and extended the time for 60 days until December 15, 1976.

Defendant argues that this extension was improper because the State

did not exercise due diligence in attempting to locate Grady and because the judge was presented with no facts by which he could properly determine that Grady would be found.

The speedy trial statute (Ill. Rev. Stat. 1975, ch. 38, par. 103—5) provides in part as follows:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *.
>
> * * *
>
> (c) If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."

■■ Generally, the determination of whether the statutory prerequisites of section 103—5(c) have been satisfied rests within the sound discretion of the trial court, and its determination will not be disturbed on review unless there has been a clear abuse of discretion. (*People v. Folenga* (1980), 83 Ill. App. 3d 210, 214, 404 N.E.2d 935, 938.) The trial court was presented with evidence that an effort had been made to locate Grady and that the search had been narrowed to Biloxi, Mississippi. In our opinion, the trial court did not clearly abuse its discretion in determining that Grady might still be found.

Defendant also argues that he was prejudiced within the meaning of *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, and that there was no legitimate reason for delaying his retrial. In *Barker v. Wingo*, the United States Supreme Court set forth criteria for judging the right to a speedy trial. The criteria are length of delay, the reason for the delay, defendant's assertion of his right, and prejudice to defendant. (407 U.S. 514, 530, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, 2192.) While none are either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial, they are related and must be considered together with other relevant circumstances. 407 U.S. 514, 533, 33 L. Ed. 2d 101, 118, 92 S. Ct. 2182, 2193.

The length of delay which will provoke an inquiry necessarily depends upon the circumstances of the case. (407 U.S. 514, 530-31, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, 2192.) Closely related to the length of delay is the reason the government assigns to justify the delay. A deliberate attempt to delay trial to hamper the defendant is weighted more heavily than a more neutral reason such as negligence or overcrowded courts. A valid reason justifies appropriate delay. 407 U.S. 514, 531, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, 2192.

■■ Prejudice to defendant should be assessed in light of the three interests which the right to a speedy trial protects: the prevention of oppressive pretrial incarceration, minimization of anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. The last interest is the most serious because the inability of a defendant to adequately prepare his case skews the fairness of the entire system. *Barker v. Wingo* (1972), 407 U.S. 514, 532, 33 L. Ed. 2d 101, 118, 92 S. Ct. 2182, 2193.

In *Barker v. Wingo*, the length of delay between arrest and trial was well over 5 years, a delay the Supreme Court described as "extraordinary." (407 U.S. 514, 533, 33 L. Ed. 2d 101, 119, 92 S. Ct. 2182, 2194.) Only 7 months of the period was attributable to a strong excuse, the illness of the ex-sheriff who was in charge of the investigation. Nevertheless, after considering the facts of the case, the court held that defendant Barker was not denied the right to a speedy trial because the prejudice to him was minimal and because he did not want a speedy trial. 407 U.S. 514, 534, 33 L. Ed. 2d 101, 119, 92 S. Ct. 2182, 2194.

In the instant case, 6 years elapsed from defendant's arrest on February 13, 1975, to his final adjudication of guilty of attempted murder on February 10, 1981. The period from his arrest until the first guilty verdict was February 13, 1975, to December 22, 1976. The speedy trial statute did not begin to run until June 18, 1976, because defendant had acquiesced to continuances before that date. We have held above that the grant of a 60-day extension after the term expired was proper.

■■ Defendant's sentencing was delayed from January to July 1977 because of the hospitalization of the trial judge. The Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1(b)) provides that the judge who presided at trial shall impose the sentence unless he is no longer sitting as a judge in that court. Therefore, we hold that the delay in sentencing was justified.

Most of the delay in the instant case was caused by a failure to timely prosecute defendant's appeal. Although a notice of appeal was filed on August 24, 1977, nothing was done until January 1980 when new counsel was appointed. On September 18, 1980, defendant's conviction was reversed and the cause was remanded. Defendant was retried on February 10, 1981, which was within 120 days of the issuance of our mandate to the circuit court on November 25, 1980.

The delay of defendant's appeal was not a result of a deliberate attempt to hamper defendant and is weighted less heavily in determining whether defendant was denied his right to a speedy trial. *Barker v. Wingo* (1972), 407 U.S. 514, 531, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, 2192.

■■ A combination of circumstances caused defendant's prolonged incarceration: defendant's acquiescence to continuances, the extension of

the term, the trial judge's hospitalization, and the delay in defendant's appeal. The first three circumstances were legitimate reasons for delay. We cannot say that reversal of defendant's conviction is an appropriate remedy for the delay in defendant's appeal. We note that defendant was released immediately after his second trial. Therefore, we hold that defendant was not denied a right to a speedy trial.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.