THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY GATHINGS *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 83—291

Opinion filed November 7, 1984.—Rehearing denied November 30, 1984.

476

Steven Clark and Richard F. Faust, both of State Appellate Defender's Office, of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jane E. Liechty, and Maureen A. Dahlke, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Defendants' convictions on charges of attempted murder and attempted armed robbery, which arose out of a 1975 shooting incident at the Robert Taylor Homes, were reversed by this court on September 1, 1981, and were remanded for a new trial. (*People v. Gathings* (1981), 99 Ill. App. 3d 1135, 425 N.E.2d 1313.) Prior to the new trial, defendants moved for discharge pursuant to section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5), the speedy-trial provision. That motion was filed and denied on September 28, 1982. The new trial commenced on October 6, 1982, at which defendants' motion for a mistrial was granted during the State's opening statement. Defendants' next motion, to bar reprosecution on

double jeopardy grounds, was denied. Defendants appeal pursuant to Supreme Court Rule 604(f) (87 Ill. 2d R. 604(f)).

Defendants present two issues on appeal: first, whether the State intentionally provoked a mistrial so as to raise a double jeopardy bar to their reprosecution; and second, whether defendants' speedy-trial rights were violated.

I

■ Although the double jeopardy clauses of both the United States and Illinois constitutions provide that no person shall be put in jeopardy twice for the same offense (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10), where a mistrial is declared pursuant to a defendant's request, as in this case, there is no double jeopardy bar to reprosecution. (*Oregon v. Kennedy* (1982), 456 U.S. 667, 672-73, 72 L. Ed. 2d 416, 422, 102 S. Ct. 2083, 2088; *People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496.) This is true even in situations in which the defendant's request is prompted by prosecutorial error. (*United States v. Jorn* (1971), 400 U.S. 470, 485, 27 L. Ed. 2d 543, 556, 91 S. Ct. 547, 557; *People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496.) An exception to this rule, postulated by the United States Supreme Court in *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, is that where a defendant's request for a mistrial is granted due to prosecutorial misconduct, double jeopardy will bar reprosecution only if the prosecutor's conduct was "intended to provoke the defendant into moving for a mistrial." (*Oregon v. Kennedy* (1982), 456 U.S. 667, 679, 72 L. Ed. 2d 416, 427, 102 S. Ct. 2083, 2091.) The *Kennedy* standard has been adopted by this court. *People v. Franklin* (1983), 119 Ill. App. 3d 899, 906, 457 N.E.2d 1005; *People v. Clark* (1984), 124 Ill. App. 3d 14, 20-21, 463 N.E.2d 981.

The circumstance which gave rise to the declaration of a mistrial in this case was an asserted violation of the circuit court's ruling *in limine* that the fact of the victim's death could be indicated only as an explanation for the use of a transcript of the victim's testimony from the original trial. In the State's opening statement, the prosecutor detailed the facts of the shooting, post-occurrence developments, including a description of the victim's ensuing injuries and treatment at hospitals, and the victim's loss of his ability to speak because of that gunshot wound. The prosecutor then observed that there had been a previous trial in this matter and, at the time of the earlier trial, the victim spoke through the voice of a doctor, who interpreted the words that the victim mouthed to the jury from his hospital bed. The prosecutor then stated, in pertinent part:

"*** some three weeks after that trial, Michael [the victim] died and—

MR. STECK [defense counsel]: May I approach the bench, Your Honor.

THE COURT: Take the jury out of the room, please."

At this point, defense counsel moved for a mistrial, arguing that the prosecutor's opening statement violated the circuit court order regarding the death of the victim. The circuit court granted defendants' motion and declared a mistrial.

Defendants urge that the prosecutor's reference to the victim's death was an intentional violation of the circuit court's order and was designed to provoke a mistrial. As evidence of such intent, defendants point to the fact that the circuit court excluded certain photographs offered by the State and to an exchange reflected in a supplement to the record in which the prosecutor expressed the notion that the circuit court judge always believed the defense attorney. Defendants argue that these facts show that the case was going poorly for the State and that the prosecutor was frustrated with the circuit court; therefore, the State intentionally provoked a mistrial satisfying the *Kennedy* standard and raising a double jeopardy bar to retrial. We disagree.

It is important to note that at the point in the State's opening statement, in which the reference to the victim's death was made, defense counsel interrupted in midsentence. The prosecutor may well have been on the verge of explaining that the victim's death was the reason for the introduction of a transcript of his earlier testimony. This possibility, coupled with the fact that the excluded photographic evidence was not crucial to the State's case, and that the assertion in the supplement to the record was tenuously supported,[1] militate against a finding of prosecutorial intent to provoke a mistrial. Significantly, the circuit court transferred the case to another court after the mistrial was declared. Upon hearing, the transferee court found that the prosecutor's remarks were not intended to cause a mistrial, but were based on a good-faith misunderstanding. The *Kennedy* standard, therefore, has not been satisfied. Accordingly, we affirm the circuit court's finding that double jeopardy does not bar reprosecution of defendants.

---

[1]The statement alleged to have been made by the prosecutor, to the effect that the court always believes defense counsel, fails to demonstrate an intent to provoke a mistrial. The photographs which were excluded by the circuit court purported to depict a stairwell and a door which were somehow intended to be used as aids in direct and cross-examination of witnesses. They were excluded for failure to produce upon discovery demand.

## II

■ The second issue on appeal, whether the circuit court properly denied defendants' motion for a discharge pursuant to the Illinois speedy-trial provision (Ill. Rev. Stat. 1983, ch. 38, par. 103—5), ordinarily is deemed a nonappealable interlocutory order. (*People v. Miller* (1966), 35 Ill. 2d 62, 219 N.E.2d 475.) Because the appeal on the speedy-trial issue is coupled with an appeal on double jeopardy grounds over which this court has clear jurisdiction (87 Ill. 2d R. 604(f)), we elect to exercise jurisdiction over the speedy-trial issue in pursuance of efficient judicial administration. While not specifically applicable, that policy is evident in Supreme Court Rule 366(b)(2)(v) (87 Ill. 2d R. 366(b)(2)(v), Committee Comments), and in *Robbins v. Professional Construction Co.* (1978), 72 Ill. 2d 215, 222-23, 380 N.E.2d 786. (See also *People v. Berland* (1978), 74 Ill. 2d 286, 310, 385 N.E.2d 649; *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, 87 Ill. 2d R. 615(b)(2)).) To require the completion of the new trial before the inevitable review was sought would be unrealistic, uneconomic and a waste of human resources under the circumstances of this case.

■ On the merits of the speedy-trial issue, we find that defendants' rights were not violated. Although the circuit court concluded that the term began when the appellate court mandate reversing defendants' original convictions was spread of record on April 22, 1982, under Illinois law the time for computing a speedy-trial violation begins on the date that the appellate court mandate is filed in the circuit court. (*People v. Dodd* (1974), 58 Ill. 2d 53, 317 N.E.2d 28; *People v. Worley* (1970), 45 Ill. 2d 96, 256 N.E.2d 751; *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Nolan* (1981), 102 Ill. App. 3d 895, 430 N.E.2d 345.) In the instant case, therefore, the term began on the mandate filing date, March 18, 1982.

On March 18, 1982, defendants were in custody. The applicable term within which trial should have commenced was 120 days. (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a).) Defendants moved to reinstate bond and demanded a speedy trial on May 21, 1982. Pursuant to the bond motion, one defendant was released from custody on June 14, 1982, and the other on June 24, 1982. Neither defendant repeated his demand for trial upon release. Nevertheless, defendants' release from custody changed the applicable term during which they were to be brought to trial to 160 days. (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(b).) Contrary to the State's contention, defendants' failure to renew their demand for trial upon their release did not prevent the triggering of the 160-day term, because their demand had been made simultaneously with their bond motion; to require a new demand would be un-

duly repetitious. See *People v. Adams* (1982), 106 Ill. App. 3d 467, 471, 435 N.E.2d 1203; *People v. Arch* (1975), 33 Ill. App. 3d 331, 333, 337 N.E.2d 221.

Under the foregoing circumstances, the issue becomes whether conversion of the 120-day term to a 160-day term gave the State an additional 40 days, or whether the State received a full 160 days from the date of defendants' release within which to bring them to trial. In *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776, the supreme court declared:

> "With respect to an offense allegedly committed on or after March 1, 1977, a delay occasioned by the defendant temporarily suspends *for the time of the delay* the period within which the defendant shall be tried. (Pub. Act 79—1237.) With respect to offenses allegedly committed prior to March 1, 1977, however, a delay occasioned by the defendant *tolls the running of the statute, and a new statutory period commences to run* from the date to which the case had been delayed." (Emphasis added.) (64 Ill. 2d 536, 540.)

The same approach has been taken in other cases. See *People v. Brown* (1982), 92 Ill. 2d 248, 442 N.E.2d 136; *People v. Gooding* (1975), 61 Ill. 2d 298, 335 N.E.2d 769; *People v. Lee* (1969), 44 Ill. 2d 161, 254 N.E.2d 469; *People v. Bevis* (1980), 89 Ill. App. 3d 344, 411 N.E.2d 1123; *People v. Rhoads* (1982), 110 Ill. App. 3d 1107, 443 N.E.2d 673; *People v. Bivins* (1981), 97 Ill. App. 3d 386, 422 N.E.2d 1044; *People v. Gimza* (1977), 56 Ill. App. 3d 477, 371 N.E.2d 1135.

■ Applying the *Donalson* rule to the case *sub judice* requires a finding that defendant's speedy-trial rights were not violated. The offense with which defendants were charged was committed on August 17, 1975. The latter half of the *Donalson* rule therefore applies: "*** a delay occasioned by the defendant tolls the running of the statute, and a new statutory period commences to run from the date to which the case had been delayed." (*People v. Donalson* (1976), 64 Ill. 2d 536, 540.) Of 18 continuances recorded before defendants' September 28, 1982, speedy-trial motion was ruled upon, one such motion was made on defendants' behalf, for a continuance, on August 23, 1982. This delay, rather than suspending the term, caused a new term to commence. The trial, which began on October 6, 1982, was well within this new term under *Donalson*. Further, August 23, 1982, was 159 days after defendants' original 120-day term began to run on March 18, 1982. Therefore, whether the State received a full 160-day term upon the defendants' release from custody in June or whether this release simply added 40 days to the 120-day term which started on March 18,

1982, is irrelevant to the disposition of this case. In either situation defendants' August 23, 1982, continuance tolled the term before it expired and commenced a new one and the trial, having begun on October 6, 1982, was within this new term. There was no speedy-trial violation.

For the foregoing reasons, we affirm and remand this case for a new trial.

Affirmed and remanded.

DOWNING and PERLIN, JJ., concur.