THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
HENRY LEE THOMAS, Defendant-Appellee.

First District (4th Division)   No. 85—1244

Opinion filed November 6, 1986.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Thomas V. Gainer, Jr., and Christina Mundy, Assistant State's Attorneys, of counsel), for the People.

Steven Clark and Bruce Mosbacher, both of State Appellate Defender's Office, of Chicago, for appellee.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Defendant, Henry Lee Thomas, was convicted of murder on June 4, 1981, and sentenced to 40 years in the Illinois Department of Corrections. (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(a)(1).) On appeal, defendant's conviction was reversed and the case was remanded for a new trial. (*People v. Thomas* (1984), 123 Ill. App. 3d 857, 463 N.E.2d 832.) Prior to the retrial, defendant filed a motion for discharge pursuant to the speedy-trial provisions of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a).) The motion was granted on May 2, 1985. The State appeals contending the trial court abused its discretion in granting defendant's motion where (1) the delay in retrying the defendant was not attributable to the State, and (2) the defendant failed to assert his right to a speedy trial as mandated by the Interstate Detainer Act (Ill. Rev. Stat. 1983, ch. 38, par. 1003—8—10).

BACKGROUND

Our mandate reversing the defendant's murder conviction and remanding the cause for a new trial was filed with the circuit court of Cook County on November 9, 1984. The State's Attorney's and the Appellate Defender's offices received a copy of the cover letter, dated November 2, 1984, from the clerk of the appellate court to the clerk of the circuit court, notifying the parties the mandate had issued. On March 18, 1985, prior to receiving a new trial and while in custody, defendant filed a motion for discharge pursuant to the speedy-trial statute (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a)).

At the hearing on defendant's motion, the State called an assistant to the clerk of the circuit court, the supervisor of the criminal division of the clerk of the circuit court and an assistant State's Attorney to explain the procedures taken when an appellate mandate remanding a case for a new trial is filed. Testimony revealed that once a mandate is filed in the circuit court the clerk orders the case file from the supervising clerk of the criminal division. After receipt of the file, the case is placed on the call of the chief judge of the criminal division. In the instant case, the certified mandate was file stamped upon receipt and the case file was ordered. Despite bi-monthly requests from the clerk, the case file was not received, and the cause was not placed on the chief judge's call until March 19, 1985, the day after the defendant filed his motion to discharge.

The State and defendant entered into evidence the written stipulation set forth below:

> "STIPULATIONS REGARDING THE FACTS ON DEFEND-
> ANT'S MOTION FOR DISCHARGE UNDER THE SPEEDY
> TRIAL ACT.
>
> Now comes the People of the State of Illinois, by their attorney, Richard M. Daley, State's Attorney of Cook County, Illinois, through his assistants, and the Defendant, Henry Lee Thomas, by his attorneys, Marc Miller, Assistant Public Defender, and Bruce Mosbacher, Assistant Appellate Defender, and agree that the following are facts that may be relevant to this Court's ruling on the defendant's pending motion for discharge under the Speedy Trial Act.
>
> 1. Defendant's conviction for the offense of murder was reversed by the Illinois Appellate Court on April 26, 1984. The cause is remanded for a new trial.
>
> 2. Thereupon the People sought leave in the Illinois Supreme Court and leave was denied on October 2, 1984. The parties received a letter dated October 2, 1984, that the mandate from the

Illinois Supreme Court would issue on October 23, 1984.

3. On November 2, 1984, a letter was sent from the Clerk of the Appellate Court to the Clerk of the Circuit Court. The letter stated that the mandate in this case was enclosed. A copy of that letter was received by the State's Attorneys Office and a copy was received by the State Appellate Defender's Office. Neither party received a copy of the mandate. The certified mandate bears the following file stamp:

'FILED - 4
NOV. 9 9 37 AM '84
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS MUNICIPAL
DEPT. CRIMINAL DIVISION.
_____ Clerk
MORGAN M. FINLEY'

5. The State's Attorney's Office was not served with notice of Defendant's Motion for Discharge under the Speedy Trial Act before March 18, 1985.

6. Defendant has been in custody as a result of the murder conviction since before November 9, 1984. He has been held in the Stateville Correctional Center in Joliet, Illinois.

7. More than 120 days passed between November 9, 1984, and March 18, 1985."

At the hearing, the State advanced the theory that the defendant had not been denied his constitutional right to a speedy trial. Specifically, the State argued that the court should consider the factors identified in *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, including the length of delay, the reason for delay, the defendant's assertion of his rights, and the prejudice suffered by the defendant, to determine if the defendant's sixth amendment right to a speedy trial had been violated. The State asserted that the defendant was not entitled to release because the delay in retrying the defendant was solely attributable to the office of the clerk of the circuit court; the State exercised due diligence once appraised of the defendant's remanded cause; the delay was neither oppressive nor arbitrary; and the defendant was not prejudiced. Defendant maintains the State's arguments were irrelevant. Defendant contended that the factors identified by the *Barker* court should only be considered when a constitutional attack premised upon the sixth amendment right to a speedy trial is at issue.

At the conclusion of the hearing, the trial court deferred judgment on the matter until May 2, 1985. On this date, the court held that sec-

tion 103—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a)), upon which the defendant premised his motion, mandated that an in-custody defendant whose case has been remanded for a new trial, be retried within 120 days from the date the reviewing court mandate was filed in the circuit court.

On appeal, the State contends that the trial court improperly determined that the defendant's constitutional right to a speedy trial had been violated. Defendant contends the motion for discharge was premised solely on section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, par. 103—5), the speedy-trial provision, and that a constitutional argument was never advanced.

OPINION

■■ ■ Defendants in criminal cases are guaranteed a right to a speedy trial by the constitutions of the United States (U.S. Const. amend. VI) and of Illinois (Ill. Const. 1970, art. I, sec. 8). The right to a speedy trial under the constitutions is not subject to any precise standard of time within which the accused must be tried but rather is dependent upon the circumstances of the particular case. (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182.) Attempting to give some concrete meaning to this right, Illinois has chosen to codify the guarantee in its criminal code. (Ill. Rev. Stat. 1983, ch. 38, par. 103—5; see *People v. Rhoads* (1982), 110 Ill. App. 3d 1107, 443 N.E.2d 673.) Section 103—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a)) provides in part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***."

If an accused is not brought to trial within a 120-day term and he has not occasioned any delay in trial, he "shall be discharged from custody or released from the obligations of his bail or recognizance." (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(d).) Upon defendant's request the trial court is specifically authorized to dismiss the charges if the speedy-trial provision is violated. Ill. Rev. Stat. 1983, ch. 38, par. 114—1(a)(1); *People v. Rhoads* (1984), 110 Ill. App. 3d 1107, 1115, 443 N.E.2d 673.

The constitutional right and the statutory right to a speedy trial are not coextensive. (*People v. Nowak* (1970), 45 Ill. 2d 158, 258 N.E.2d 313.) To determine if a defendant's constitutional right to a speedy trial has been violated a court should apply the functional analysis enumerated in *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182. The State complains that the trial court's ruling was flawed

because it failed to apply this analysis in determining whether the defendant had been deprived of his right to a speedy trial. This allegation is supported where defendant alleges his sixth amendment constitutional right has been violated (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182; *People v. Dorsey* (1982), 105 Ill. App. 3d 895, 435 N.E.2d 499; *People v. Makes* (1981), 103 Ill. App. 3d 232, 431 N.E.2d 20; *People v. McCord* (1978), 63 Ill. App. 3d 542, 379 N.E.2d 1325; *People v. Farnsworth* (1975), 31 Ill. App. 3d 771, 335 N.E.2d 18); however, the allegation is meritless when the violation of a speedy-trial claim is premised upon a statutory enactment (*People v. Richards* (1980), 81 Ill. 2d 454, 410 N.E.2d 883; *People v. Rhoads* (1982), 110 Ill. App. 3d 1107, 443 N.E.2d 673; *People v. Nowak* (1970), 45 Ill. 2d 148, 258 N.E.2d 313).

■ In the case at bar, the defendant's motion for discharge was premised solely upon the speedy-trial statute (Ill. Rev. Stat. 1983, ch. 38, par. 103—5.) The trial judge was never called upon to apply the *Barker* functional analysis. The speedy-trial statute (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a)), set forth above, requires that the defendant be tried within 120 days from the date he was taken into custody. When a defendant's case is reversed and the cause remanded for a new trial, the 120-day period, enumerated in the statute, begins to run when the appellate court mandate is filed with the clerk of the circuit court. (*People v. Worley* (1970), 45 Ill. 2d 96, 256 N.E.2d 751; *People v. Gathings* (1984), 128 Ill. App. 3d 475, 470 N.E.2d 1260.) In the instant case, the State and defendant stipulated that the appellate court mandate was filed with the clerk of the circuit court on November 9, 1984; that the defendant has been held at the Stateville Correctional Center in Joliet, Illinois, and defendant remained incarcerated for a period greater than 120 days between the filing of the mandate and the filing of defendant's motion for discharge.

■ The State argues the time for computing the speedy-trial violation did not commence until March 18, 1985, the date which the defendant filed his motion for discharge and the date the State alleges it received notification of the issuance of the mandate. The State contends that the filing of the mandate with the clerk of the circuit court is insufficient to put the State on notice that the appellate court mandate reversing the defendant's conviction had been issued. The State buttresses its argument on *People v. Jones* (1981), 84 Ill. 2d 162, 417 N.E.2d 1301.

In *Jones*, the defendant was required to make a demand for a speedy trial before the statutorily enumerated speedy-trial term commenced to run. Denying the defendant's motion for discharge the court

held that where such demand is required it must be made to the prosecution and not merely filed in the clerk's office. The State's reliance on *Jones* is misplaced. In the instant case, the defendant was not statutorily required to make a demand for a speedy trial because he was in custody from the date the appellate court mandate was filed until his motion for discharge on the speedy-trial issue was made more than 120 days later. (See Ill. Rev. Stat. 1985, ch. 38, par. 103—5(a).) Further, the State's attempt to deny it received notice of the mandate's filing is unsupported. Stipulated facts admitted into evidence are conclusive that a copy of the letter from the clerk of the appellate court to the clerk of the circuit court stating that a mandate was to be filed was received by the State's Attorney's office. This letter put the State on notice that the mandate had been issued and the time for computing a speedy-trial violation had commenced. *People v. Gathings* (1984), 128 Ill. App. 3d 475, 470 N.E.2d 1260.

■ The State's final contention is that the trial court abused its discretion in granting the defendant's motion to discharge where the defendant failed to assert his right to a speedy trial as mandated by the Interstate Detainer Act (Ill. Rev. Stat. 1983, ch. 38, par. 1003—8—10). Specifically, the State maintains that defendant had an obligation to notify the State that he was in custody, that he had an untried complaint pending against him and that he wished to have a speedy trial. The requirements set forth in the Interstate Detainer Act apply to situations in which a defendant has a criminal charge pending against him while he is in custody for another offense. (*People v. Lykes* (1984), 124 Ill. App. 3d 604, 464 N.E.2d 849; *People v. Wentlent* (1982), 109 Ill. App. 3d 291, 440 N.E.2d 296; *People v. Davis* (1981), 92 Ill. App. 3d 869, 416 N.E.2d 85; *People v. Freeland* (1981), 103 Ill. App. 3d 94, 430 N.E.2d 277.) In the instant case, the defendant's murder conviction was reversed and the cause was remanded for a new trial. Defendant was incarcerated awaiting a new trial on the murder indictment and he did not have another criminal charge pending against him. Defendant was not required to make a demand for trial, and the time for computing a speedy-trial violation commenced on the date the appellate court mandate was filed with the clerk of the circuit court. *People v. Gathings* (1984), 128 Ill. App. 3d 475, 470 N.E.2d 1260.

For the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.